# Exhibit A

**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
302-622-7000
*Attorneys for Plaintiffs*

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>      *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC<br>2690 Weston Road, Suite 200<br>Weston, FL 33331<br><br>AND<br><br>HOLCIM SOLUTIONS & PRODUCTS US,<br>LLC<br>26 Century Blvd.<br>Suite 305<br>Nashville, TN 37214<br><br>AND<br><br>THE HOME DEPOT, INC.<br>2727 Paces Ferry Road<br>Atlanta, GA 30339<br><br>AND<br><br>CHRIS LEJUEZ<br>84 E. 1st St.<br>Clifton, NJ 07011<br><br>AND<br><br>John Does I-X, | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED<br><br><br>**COMPLAINT** |

|  |  |
|---|---|
| AND |  |
| ABC Corporations I-X, |  |
| *Defendants*. |  |

## CIVIL ACTION COMPLAINT

Plaintiffs Joseph Iacovacci and Carol Saieva, by and through their attorneys, Grant & Eisenhofer, P.A., state the following by way of Complaint:

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, and CHRIS LEJUEZ

1.      Plaintiff Joseph Iacovacci is an adult citizen of the State of New Jersey who resides at the above-captioned address.

2.      Plaintiff Carol Saieva is an adult citizen of the State of New Jersey who resides at the above-captioned address.

3.      At all times material hereto, Plaintiffs Joseph Iacovacci and Carol Saieva were legally married and living together as husband and wife.

4.      Defendant Swift Response, LLC ("SWIFT") is a Florida corporation. Its principal place of business is located at the above-captioned address.

5.      Upon information and belief, SWIFT is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling, and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

6.      Defendant HOLCIM SOLUTIONS & PRODUCTS US, LLC ("HOLCIM") is an Indiana corporation whose principal place of business is 250 West 96th Street, Indi IN 46260.

7.     Upon information and belief, HOLCIM is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

8.     Defendant HOME DEPOT STORES ("HOME DEPOT") is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

9.     Upon information and belief, HOME DEPOT is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

10.    Defendant CHRIS LEJUEZ ("LEJUEZ") is a resident of the State of New Jersey.

11.    LEJUEZ is the manager of the HOME DEPOT store located at 450 Hackensack Avenue, Hackensack, NJ. Upon information and belief, LEJUEZ is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

12.    Defendants John Does I-X are individuals who have not yet been identified and are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed who have not yet been identified.

13.    Defendants ABC Corporations I-X are entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed, who have not yet been identified.

14.    Defendants SWIFT, HOLCIM, HOME DEPOT, LEJUEZ, John Does I-X, and ABC Corporations I-X shall be collectively referred to as "Defendants" throughout.

3

### *JURISDICTION AND VENUE*

15. The Court has jurisdiction over this matter because the Plaintiff is a citizen and resident of Bergen County, New Jersey; the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey; the subject product was purchased in Bergen County, New Jersey; one or more Defendants are citizens of New Jersey,  and the Defendants were actually doing business in Bergen County, New Jersey, by virtue of their respective designing, assembling, manufacturing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in Bergen County, New Jersey.

16. Jurisdiction is appropriate as the subject product was heavily advertised in the state of New Jersey, the subject product sold within the state of New Jersey, and the Defendants engaged in regular and systematic business in Bergen County, New Jersey.

17. Pursuant to NJ Ct. R. 4:3-2(a) and (b), venue is proper in Bergen County, New Jersey, because the Plaintiff was a citizen and resident of Bergen County, New Jersey, the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey, the subject product was shipped, delivered, advertised and sold in Bergen County, New Jersey, and all Defendants were actually doing business in Bergen County.

### *BACKGROUND – FLEX SEAL*

18. Flex Seal Liquid is produced in a liquidized rubber coating that can be brushed, rolled, or poured onto multiple surfaces to seal, patch holes, and block out moisture and air.

19. Because Flex Seal Liquid can be poured onto a surface, the toxins within the product can come in contact with or be inhaled by the product's user, even if they properly dispense the product in an intended and/or reasonably foreseeable manner to the manufacturer.

20. SWIFT has been manufacturing and selling Flex Seal for at least 13 years.

4

21.     SWIFT specializes in producing thick rubberized liquid sealant and adhesive that can be applied to several different surfaces for multiple uses.  They produced, manufactured, and distributed Flex Seal Liquid Rubber Sealant Coating bearing ID number LFSWHTR32 and serial number W22DO218 (hereinafter referred to as the "Subject Product").

22.     The Subject Product contains a combination of solvent ingredients, such as toluene, xylene and methyl ethyl ketone, isocyanates, volatile organic compounds and silica dust which create the rubberized sealant material.

23.     Several of the ingredients contained within the Subject Product carry a risk of central nervous system effects and respiratory damage, including, but not limited pneumonia, shortness of breath, and other adverse respiratory consequences.

24.     Despite the hazardous components of its ingredients, the Subject Product's label advertises it as non-toxic, non-hazardous, and chemical resistant.

25.     Most notably, the Subject Product contained no warnings or instructions about risk to the respiratory system from inhalation or exposure or the need for personal protective equipment.

26.     The Subject Product contained no warnings or instructions about either the short-term or long-term health effects of neurological damage and respiratory problems.

27.     The Defendants recognized that the Subject Product can cause the need for medical intervention from skin contact, eye contact, or ingestion of the product, but simply advised to call a "doctor immediately" as listed on its label.

28.     The Defendant, SWIFT, intentionally markets their products to the everyday consumer, promoting "DIY", and provides detailed "how-to" blogs on its website to instruct its large demographic regarding the multiple uses of the Subject Product.[1]

29.     The Defendants knew or should have known that its target consumer has no specialized training in handling chemicals and would be relying wholly on the labeling and the sales associates knowledge when purchasing the Subject Product.

30.     The Defendants knew or should have known that the Subject Product could come into contact with or be inhaled by the user of the product, even if the user properly used the Subject Product as intended, in accordance with their instructions, and/or as would have been reasonably foreseeable to the Defendants.

### *PLAINTIFF JOSEPH IACOVACCI*

31.     At all times material hereto, the Defendants, SWIFT and HOLCIM  manufactured, distributed and/or supplied the Subject Product to the Defendant, HOME DEPOT, to their store located at 450 Hackensack Avenue, Hackensack in Bergin County, New Jersey (hereinafter the "subject store").

32.     On July 25, 2022, Plaintiff Joseph Iacovacci presented to the subject store to purchase a 1-quart can of the Subject Product to repaint his front porch railing in his home in Bergen County, New Jersey.

33.     On July 25, 2022, LEJUEN assisted Plaintiff and recommended the Subject Product and encouraged its purchase.

34.     Prior to its use, Iacovacci read the label and instructions for use.

---

[1] www.flexsealproducts.com/blogs/how-to

35.     No label, warning, or instruction was either associated with or placed durably on the Subject Product warning against dangers of respiratory damages or injury caused by the ingredients within the product or the need for certain personal protective equipment.

36.     Upon returning to his home in Bergen County, New Jersey, Iacovacci opened the Subject Product and proceeded to use the product for approximately three hours.

37.     Over the next few days, Iacovacci experienced trouble breathing, neurological symptoms, and a high-temperature fever.

38.     Within the week, Iacovacci was hospitalized and diagnosed with chemical left-sided pneumonia.

39.     Defendants' conduct, set forth below, directly and proximately caused Iacovacci's injuries and damages.

40.     As a result of the Defendants' conduct and the Subject Product, Iacovacci suffered from severe and permanent injuries to his lungs, including but not limited to, decreased lung capacity, shortness of breath, cough, and hypoxia.

41.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has undergone intensive medical care including, but not limited to, in-patient hospitalization,  regular prescriptions and check-up care, frequent medical monitoring, and medications that will continue.

42.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci will continue to incur medical expenses for treatment rendered in the past as he undergoes future medical treatment and care as necessary to monitor, treat, and/or cure his medical conditions.

43. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered disfigurement, embarrassment, humiliation, and pain and suffering.

44. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered wage loss. He will continue to suffer future wage loss related to income and benefits and impairment of his earning capacity and power.

45. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has or may incur other financial losses or expenses.

46. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has and will lose enjoyment of his life, as he is hindered from attending and performing his usual daily activities, recreational and social pursuits.

WHEREFORE, Plaintiff's demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## COUNT ONE- STRICT PRODUCT LIABILITY - PRODUCTS LIABILITY

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X,  AND ABC CORPORATION I-X

47. Plaintiff reasserts, incorporates, and adopts by reference each contention in Paragraphs 1 through 46 as if fully set forth herein.

48. Defendants are in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying Flex Seal Liquid, such as the Subject Product that was used by Joseph Iacovacci, that caused him serious, disabling, and permanent injuries.

49.    At all relevant times, Defendants designed, manufactured, distributed, marketed, sold, assembled, placed warnings on and/or placed the Subject Product into the stream of commerce and did design, manufacture, distribute, market, sell, assemble, and/or place the Subject Product into the stream of commerce.

50.    One or more Defendants designed, assembled, manufactured, distributed, sold, supplied, maintained, placed warnings on, and/or modified the Subject Product and its warnings and instructions.

51.    The Subject Product and its warnings and instructions were expected to reach users such as Iacovacci and did, in fact, reach him without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased, and/or supplied.

52.    At all relevant times hereto, the Subject Product was used and employed for the purpose for which it was designed and manufactured and/or was used in a reasonably foreseeable manner.

53.    Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors, and employees, breached N.J.S.A. 2A: 58C-2, *et seq.* by designing, manufacturing, distributing, and selling the Subject Product, designed in a defective manner and without adequate warnings and instructions as follows:

a.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unreasonably dangerous for their target consumer;

b.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unsafe and defective;

c.    designing, manufacturing, equipping, distributing, leasing, selling, and/or supplying the Subject Product despite being unsafe for all of their intended and foreseeable purposes and uses;

9

d. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a defective condition;

e. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a condition that deviated from its own design specifications, formulae, or performance standards;

f. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking all necessary safety features to protect users of said Products;

g. failing to design, manufacture, and/or equip the Subject Product to reduce or eliminate exposure and/or danger of exposure to the end user;

h. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking adequate safeguards;

i. designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product despite its lack of adequate, necessary, and/or proper warnings;

j. designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product, even though it posed an unreasonably dangerous risk from the exposure that was reasonably foreseeable to occur to consumers of the Subject Product;

k. designing, manufacturing, assembling, distributing, leasing, selling and/or supplying the Subject Product that could be designed more safely;

l. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate, necessary and/or proper instructions;

m. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided concerning the danger presented by the Product;

n. failing to warn about the risk of respiratory damage and injury resulting from exposure to the Subject Product;

10

o. failing to take reasonable steps to ensure that product warnings were conveyed to and reached the consumer of the Subject Product.

p. misrepresenting to consumers that the Subject Product was safe for intended use;

q. misrepresenting to consumers that the Subject Product did not pose a significant risk to breathing and lung function;

r. failing to warn consumers of its Subject Product that exposure by consumers poses a risk of respiratory injury and/or damage;

s. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that communicated adequate warning, instruction, and information on the dangers and safe use of the Subject Product;

t. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that take into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used;

u. failing to provide instructions to users of this product regarding the use of the Subject Product;

v. failing to provide users of this product with warnings, instructions and/or training regarding the proper use of the Subject Product;

w. failing to know or discover that the Subject Product was not safe for exposure;

x. failing to know or discover that the Subject Product posed a significant risk to breathing and lung function;

y. failing to know or discover that the Subject Product posed an unreasonable risk of exposure, despite proper or foreseeable uses of the Subject Product;

z. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that was unreasonably dangerous for use by end users, including Plaintiff;

aa. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that

11

Defendants knew or should have known was unreasonably dangerous for use by end users, including Plaintiff;

bb.  failing to warn against exposure, despite their knowledge that everyday consumers like Plaintiff may be exposed to the Subject Product;

cc.  failing to warn end users of the Subject Product, including Plaintiff, that exposure to the Subject Product was dangerous, despite their knowledge that everyday consumers like Plaintiff would not be aware of the danger posed by the Subject Product;

dd.  failing to adequately warn end users of the Subject Product, including Plaintiff, to take adequate safeguards against respiratory exposure to the Subject Product;

ee.  failing to adequately warn end users of the Subject Product, including Plaintiff,  of the need to ensure that the Subject Product was only used with adequate ventilation;

ff.   failing to adequately warn end users of the Subject Product, including Plaintiff,  about the danger of the Subject Product, including respiratory injury;

gg.  failing to adequately warn end users to use proper personal protective equipment during use of the Subject Product;

hh.  failing to adequately instruct end users on the dangers of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

ii.  failing to adequately instruct end users on the safe use of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

jj.  failing to ensure the Subject Product did not pose a threat the health and safety of end users of the Subject Product;

kk.  violating applicable federal, state, local and/or industry standards;

ll.  negligence at law;

mm.  failing to exercise reasonable care under all the circumstances, including the in design, manufacture, sale and distribution of the Subject Product and its associated warnings and instructions;

nn.  being otherwise negligent, careless, grossly negligent, reckless, and strictly liable as may appear from facts that may be determined during discovery or trial.

54.  As a direct and proximate result of the defective, dangerous, and unsafe condition and/or design and/or manufacture of the Subject Product, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering, set forth, without limitation above.

55.  As a direct and proximate result of the Subject Product's inadequate warnings and instructions, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering.

56.  The damages and injury at issue, set forth above, were caused by the defects of the Subject Product.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## SECOND COUNT- BREACH OF EXPRESS WARRANTY

## JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ, JOHN DOES I-X, AND ABC CORPORATION I-X

57.  Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 56 as if fully set forth herein.

13

58.     At all relevant times, Defendants expressly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use.

59.     The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

60.     At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted expressly that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

61.     Defendants breached the aforesaid express warranties, by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

62.     As a direct and proximate result of the breaches of warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiff demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**THIRD COUNT- BREACH OF IMPLIED WARRANTY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X, ABC CORPORATION I-X**

14

63.     Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 62 as if fully set forth herein.

64.     At all relevant times, Defendants impliedly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use. \

65.     The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

66.     At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted, impliedly, that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

67.     Defendants breached the aforesaid impliedly warranties by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

68.     As a direct and proximate result of the breaches of implied warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

15

## FOURTH COUNT – LOSS OF CONSORTIUM

### CAROL SAIEVA v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ, JOHN DOES I-X, ABC CORPORATION I-X

69. Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 68 as if fully set forth herein.

70. At all relevant times, Carol Saieva was Joseph Iacovacci's wife.

71. As a direct and proximate result of Defendants' conduct and Products, as set forth above, Carol Saieva, wife of Plaintiff Joseph Iacovacci, has suffered consequential damages, been deprived of her husband's full society, care, comfort, and companionship, and has otherwise suffered loss of consortium.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**GRANT & EISENHOFER P.A.**

BY:     */s/ Elizabeth A. Bailey*
        ELIZABETH A. BAILEY ESQ.
        *Attorneys for Plaintiffs*

Date: July 15, 2024

### JURY DEMAND

A trial by jury is hereby demanded.

**GRANT & EISENHOFER P.A.**

BY:     */s/ Elizabeth A. Bailey*
        ELIZABETH A. BAILEY ESQ.
        *Attorneys for Plaintiffs*

Date:  July 15, 2024

16

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Elizabeth A. Bailey,

Esquire is hereby designated as Trial Counsel.

**GRANT & EISENHOFER P.A.**

BY:   */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date:  July 15, 2024

## DEMAND FOR DISCOVERY PURSUANT TO N.J.R.C.P. 17-2

Plaintiff hereby demands that defendants respond to Form C and C(4) Interrogatories within the time provided under the New Jersey Rules of Civil Procedure.

**GRANT & EISENHOFER P.A.**

BY:   */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 15, 2024

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable liability policies including any excess or umbrella policies with declaration sheets as well as the requisite Certifications regarding the same pursuant to R. 4:18-1(c) within thirty (30) days of the service of this Complaint.

GRANT & EISENHOFER P.A.

BY:     */s/ Elizabeth A. Bailey*
        ELIZABETH A. BAILEY ESQ.
        *Attorneys for Plaintiffs*

Date: July 15, 2024

19

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that pursuant to Rule 4:5-1, are currently pending in connection with this controversy in which the following parties are named: JOSEPH IACOVACCI, CAROL SAIEVA, SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, and. ABC CORPORATIONS I-X. I further certify that there is no arbitration proceeding pending or contemplated. Finally, I certify that there are no other parties, to the best of my knowledge, which should be joined.

**GRANT & EISENHOFER P.A.**

BY:   ***/s/ Elizabeth A. Bailey***
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 15, 2024



New Jersey Judiciary
Civil Practice Division

## Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

### For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Elizabeth Bailey | (302) 622-7000   ext. | Bergen County |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Grant & Eisenhofer P.A. | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 123 S. Justison Street, 6th Floor | Wilmington | DE | 19801 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ☒ Yes    ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Joseph Iacovacci and Carol Saieva, Plaintiff | Joesph Iacovacci, et al. v. Swift Response, LLC, et al. |

Case Type Number (See page 3 for listing)   <u>606</u>

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☒ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☒ No |
| Is this a professional malpractice case? | ☐ Yes | ☒ No |
| If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. | | |

| Related Cases Pending? | ☐ Yes | ☒ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☒ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |
|---|---|---|

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?  ☐ Yes  ☒ No
   If "Yes," is that relationship:
   ☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
   ☐ Other (explain) _____

Does the statute governing this case provide for payment of fees  ☐ Yes  ☒ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?  ☐ Yes  ☒ No
   If yes, please identify the requested accommodation:

Will an interpreter be needed?  ☐ Yes  ☒ No
   If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV – Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**          ☐ **Title 59**          ☐ **Consumer Fraud**

Revised Form Promulgated by 04/19/2022 Notice to the Bar (effective 05/01/2022), CN 10517 (Appendix XII-B1)          page 4 of 4

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-004100-24

**Case Caption:** IACOVACCI JOSEPH  VS SWIFT RESPONSE, LLC

**Case Initiation Date:** 07/15/2024

**Attorney Name:** ELIZABETH ANNE BAILEY

**Firm Name:** GRANT & EISENHOFER, PA

**Address:** 123 JUSTISON ST
WILMINGTON DE 19801

**Phone:** 3026227000

**Name of Party:** PLAINTIFF : IACOVACCI, JOSEPH

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: JOSEPH IACOVACCI? NO**

**Are sexual abuse claims alleged by: CAROL SAIEVA? NO**

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/15/2024

Dated

/s/ ELIZABETH ANNE BAILEY

Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM


                         DATE:    JULY 15, 2024
                         RE:      IACOVACCI JOSEPH  VS SWIFT RESPONSE, LLC
                         DOCKET: BER L -004100 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON KEVIN P. KELLY

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (201) 221-0700 EXT 25645.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: ELIZABETH A. BAILEY
                              GRANT & EISENHOFER, PA
                              123 JUSTISON ST
                              WILMINGTON       DE 19801


ECOURTS
```

| JOSEPH IACOVACCI and CAROL SAIEVA | Plaintiff | Superior Court of New Jersey<br>Law Division<br>Bergen County<br>Docket Number: BER-L-4100-24 |
|---|---|---|
| vs. | | |
| SWIFT RESPONSE LLC, et al. | Defendant | |

**Person to be served** (Name & Address):
CHRIS LEJUEZ
84 E. 1ST ST.
CLIFTON, NJ 07011

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Attorney:**
GRANT & EISENHOFER, P.A.
123 Justison St., 7th Floor
Wilmington, DE 19801

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 7/18/2024   Time: 7:45 pm   Attempts:_____

___X___ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

Name of Person Served and relationship / title:

_____

_____

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**

Sex: M   Age: 55   Height: 5'7   Weight: 230   Skin Color: WHITE   Hair Color: GREY

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
_____Date _____Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 26th day of July, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

MATTHEW J HOJNOWSKI
Notary Public, State of New Jersey
My Commission Expires May 25, 2028

I, Manny Bayo, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   7/26/24
Signature of Process Server   Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2024007384
Ref: IACOVACCI

| JOSEPH IACOVACCI and CAROL SAIEVA | Plaintiff | Superior Court of New Jersey |
| --- | --- | --- |

Law Division
Bergen County
Docket Number: BER-L-4100-24

vs.

SWIFT RESPONSE LLC, et al.          Defendant

**Person to be served** (Name & Address):
HOLCIM SOLUTIONS & PRODUCTS US, LLC
C/O UNITED AGENT GROUP, INC.
181 NEW ROAD, #304
PARSIPPANY, NJ 07054

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Attorney:**
GRANT & EISENHOFER, P.A.
123 Justison St., 7th Floor
Wilmington, DE 19801

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__      Not Served_____      Date: 7/24/2024      Time: 2:45 pm      Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

__X__ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

KAREN STAGG

AUTHORIZED AGENT

**Description of Person Accepting Service:**

Sex: F      Age: 55      Height: 5'6      Weight: 170      Skin Color: WHITE      Hair Color: BLACK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                     _____ Date _____ Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 26th day of July, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

MATTHEW J HOJNOWSKI
Notary Public, State of New Jersey
My Commission Expires May 25, 2028

I, Manny Bayo, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server          Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2024007466
Ref: IACOVACCI

**HAWKINS PARNELL & YOUNG LLP**
Alfred J. Sargente, Esq. (ID No.: 058831994)
Max R. Lewkowski, Esq. (ID: 334832022)
275 Madison Avenue, 10th Floor
New York, New York 10016
Tel: (212) 897-9655
Fax: (646) 589-8700
*Attorneys for Defendant*
*Holcim Solutions & Products US, LLC*

| | |
|---|---|
| JOSEPH IACOVACCI and CAROL SAIEVA,<br><br>Plaintiffs,<br><br>vs.<br><br>SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, THE HOME DEPOT, INC, CHRIS LEJUEZ, John Does I-X, and ABC Corporations I-X,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  BERGEN<br><br>Docket No.:  BER-L-4100-24<br><br>CIVIL ACTION<br><br>**HOLCIM SOLUTIONS & PRODUCTS US, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, **Holcim Solutions & Products US, LLC**, (hereinafter referred to as "Holcim" or "Defendant") by and through their attorneys of record Hawkins Parnell and Young LLP., hereby answer Plaintiffs' Complaint dated July 15, 2024, as follows:

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, and CHRIS LEJUEZ

1.      Defendant Holcim is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 1 through 5 of the Complaint.

2.      Defendant Holcim is an Indiana limited liability company with its principal place of business being 26 Century Blvd, Ste 205, Nashville, Tennessee 37214.

3.      Defendant Holcim denies the allegations contained in Paragraph 7 of the Complaint, except admits that it manufactures the product "Flex Seal". Defendant Holcim also denies that it placed the product "Flex Seal" into the stream of commerce in the State of New

Jersey.

4. Defendant Holcim is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 8 through 14 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant Holcim is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 15 through 17. Defendant Holcim further refers all questions of law to the Court.

## BACKGROUND – FLEX SEAL

6. Paragraph 18 makes no allegations against Defendant Holcim for which it can admit or deny. To the extent an allegation is made against Defendant Holcim, it is denied.

7. Paragraph 19 makes no allegations against Defendant Holcim for which it can admit or deny. To the extent an allegation is made against Defendant Holcim, it is denied.

8. Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 20 through 21.

9. Defendant Holcim admits that Flex Seal contains a combination of solvent ingredients, which shall be revealed in specificity at trial. Any further allegations contained in Paragraph 22 are denied.

10. Defendant Holcim denies all of the allegations contained in Paragraph 23.

11. Defendant Holcim denies the allegations contained in Paragraphs 24 through 26 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other parties.

12. Defendant Holcim denies the allegations contained in Paragraph 27 as they relate to Holcim, and denies knowledge or information sufficient to form a belief as to the truth of the

allegations as they relate to other Defendants.

13.     Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

14.     Defendant Holcim denies the allegations contained in Paragraphs 29 through 30 to as they relate to Holcim, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants.

## PLAINTIFF JOSEPH IACOVACCI

15.      Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, except that it admits that it manufactures Flex Seal.

16.     Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 32 through 34.

17.     Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, as it does not determine the warnings contained on the container of Flex Seal.

18.     Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 36 through 38.

19.     Defendant Holcim denies the allegations contained in Paragraphs 39 through 46 as they relate to Holcim, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants.

WHEREFORE, Defendant Holcim hereby demands judgment in its favor and dismissal of any and all claims against them along with interest, costs, and such other relief as this Court finds equitable and just.

## AS AND FOR AN ANSWER TO COUNT ONE – STRICT PRODUCT LIABILTIY – PRODUCTS LIABILITY

20.     Defendant Holcim hereby repeats and reiterates each and every response to the allegations contained in all preceding paragraphs of the Complaint with the same force and effect as if fully set forth herein.

21.     Defendant Holcim denies all allegations contained in Paragraphs 48 through 56 and refers all questions of law to the Court.

WHEREFORE, Defendant Holcim hereby demands judgment in its favor and dismissal of any and all claims against them along with interest, costs, and such other relief as this Court finds equitable and just.

## AS AND FOR AN ANSWER TO SECOND COUNT – BREACH OF EXPRESS WARRANTY

22.     Defendant Holcim hereby repeats and reiterates each and every response to the allegations contained in all preceding paragraphs of the Complaint with the same force and effect as if fully set forth herein.

23.     Defendant Holcim denies all allegations contained in Paragraphs 58 through 62 and refers all questions of law to the Court.

WHEREFORE, Defendant Holcim hereby demands judgment in its favor and dismissal of any and all claims against them along with interest, costs, and such other relief as this Court finds equitable and just.

## AS AND FOR AN ANSWER TO THIRD COUNT – BREACH OF IMPLIED WARRANTY

24.     Defendant Holcim hereby repeats and reiterates each and every response to the allegations contained in all preceding paragraphs of the Complaint with the same force and effect as if fully set forth herein.

25.     Defendant Holcim denies all allegations contained in Paragraphs 64 through 68 and

refers all questions of law to the Court.

WHEREFORE, Defendant Holcim hereby demands judgment in its favor and dismissal of any and all claims against them along with interest, costs, and such other relief as this Court finds equitable and just.

## AS AND FOR AN ANSWER TO FOURTH COUNT – LOSS OF CONSORTIUM

26.     Defendant Holcim hereby repeats and reiterates each and every response to the allegations contained in all preceding paragraphs of the Complaint with the same force and effect as if fully set forth herein.

27.     Defendant Holcim denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

28.     Defendant Holcim denies all allegations contained in Paragraph 71 as they relate to Holcim; denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other Defendants; and refers all questions of law to the Court.

WHEREFORE, Defendant Holcim hereby demands judgment in its favor and dismissal of any and all claims against them along with interest, costs, and such other relief as this Court finds equitable and just.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.     All claims are time-barred by the applicable Statute of Limitations and/or Statue of Repose of New Jersey and other states as may be applicable.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.     All causes of action have not been maintained in a timely fashion, and Plaintiffs have neglected the same and should be barred by the doctrine of laches.

## AS AND FOR A THIRD AFFIRATIVE DEFENSE

31.     The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.     The Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.     The Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.     The Complaint, and each and every allegation considered separately, fails to state any cause of action against Defendant Holcim upon which relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.     Defendant Holcim  assert that if Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised Plaintiffs' claims herein, then accordingly, said claims are barred or reduced by payment, accord, satisfaction, arbitration and award, release and res judicata.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.     The allegations set forth in the Complaint do not state a claim against Defendant Holcim, which would authorize or entitle Plaintiff to recover punitive or exemplary damages as set forth under the laws of New Jersey.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.      Defendant Holcim is not a proper party to this action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.     The Court lacks *in personam* jurisdiction over Defendant Holcim.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

39.     If Plaintiffs should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions on the part of third parties over whom Defendant Holcim had neither control nor right of control.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.     The Complaint on its face shows a misjoinder of parties.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41.     Plaintiffs' lawsuit contains one or more fraudulent joinders of parties. Such sham joinder was made to defeat diversity of parties. As such, citizenship of such fraudulently joined parties can be disregarded for purposes of diversity of citizenship.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42.     Plaintiff cannot prove his prima facie case as Defendant Holcim breached any duty whatsoever to Plaintiff whether arising by statute, by common law, or otherwise, including but not limited to any duty to warn of any dangers; and no act or omission by Defendant Holcim proximately caused or proximately contributed to Plaintiffs' alleged injuries or damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

43.     While Defendant Holcim denies the allegations of Plaintiff with respect to liability, injury and damages, to the extent to which Plaintiff may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third parties over whom Defendant Holcim had neither control nor right of control

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

44.     While denying Plaintiff's allegations with respect to liability, to the extent that negligence or improper conduct may be proved, the acts of the Defendant Holcim are not a proximate cause of any injuries to Plaintiff.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

45.     At all times during the conduct of their corporate operations, the agents, servants and/or employees of Defendant Holcim complied with all applicable law, regulations, standards.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiff's own personal conduct and negligence in connection with the subject accident as alleged in the Complaint and the exercise of ordinary care could have avoided the consequences of any alleged negligence on the part of Defendant Holcim; thus, there can be no recovery against Defendant Holcim

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

47.     If the Court finds that any negligence or action on the part of Plaintiff caused and/or contributed to the alleged damages or injuries to Plaintiff, then Defendant Holcim request that the amount of damages which might be recovered shall be diminished by the proportion which the same negligence attributed to the Plaintiff, bears to the conduct which caused the alleged injuries or damages.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

48.     Upon information and belief, Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and disability alleged in the Complaint.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

49.     Plaintiff contributed to his injuries by his own personal conduct and/or negligence.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

50.     All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to the Complaint to the extent same are applicable and not adverse to Defendant Holcim. In addition,

Defendant Holcim will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

51.     Defendant Holcim reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiff bases his claims for relief, and upon completion of further discovery.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

52.     This action cannot be maintained as there is another action pending for the same relief.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

53.     Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

54.     Plaintiffs' claims should be dismissed on grounds of improper venue and/or *forum non conveniens*.

**AS AND FOR A TWENTY-SEVENTHAFFIRMATIVE DEFENSE**

55.     Plaintiffs' claims should be dismissed on grounds of improper service of process.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

56.     Defendant Holcim reserves the right to move for a severance of the various allegations in the Complaint.

**AS AND FOR A TWENTY-NINETH AFFIRMATIVE DEFENSE**

57.     Any damages which may have been sustained by Plaintiff were caused or contributed to by reason of the culpable conduct of the Plaintiff.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

58.     Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the Plaintiff, including contributory negligence and assumption of risk, in the proportion which the culpable conduct attributable to Plaintiff bear to the culpable conduct which caused the damages.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

59.     The injuries allegedly suffered by the Plaintiff, if any, which injuries are specifically denied by Defendant Holcim were the result of the culpable conduct or fault of third persons for whose conduct Defendant Holcim is not legally responsible, and the damages recovered by the Plaintiff, if any, should be diminished or reduced in proportion to said culpable conduct which caused the damages.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

60.     Plaintiff's damages, if any, are limited by the applicable laws of the State of New Jersey with respect to comparative negligence

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

61.     Defendant Holcim do not admit culpability or liability to Plaintiff, but to the extent permitted, is entitled to a setoff of damages based on reimbursement to Plaintiff from collateral sources.

## CERTIFICATION PURSUANT TO R. 4:5.1

I hereby certify that to the best of my knowledge, information and belief, the within matters are not the subject of any other action pending in any Court or the subject of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

Dated:  October 3, 2024
        New York, New York

HAWKINS PARNELL & YOUNG LLP.

/s/  Max R. Lewkowski
ALFRED J. SARGENTE, ESQ.
MAX R. LEWKOWSKI, ESQ.
*Attorneys for Defendant*
*Holcim Solutions & Products US, LLC*

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to R. 4:5-2 the party filing this Answer requires the provision of a statement of claimed damages within 5 days.

Dated: October 3, 2024
      New York, New York

HAWKINS PARNELL & YOUNG LLP.

/s/  Max R. Lewkowski
ALFRED J. SARGENTE, ESQ.
MAX R. LEWKOWSKI, ESQ.
*Attorneys for Defendant*
*Holcim Solutions & Products US,*
*LLC*

## DESIGNATED TRIAL COUNSEL

Alfred J. Sargente and Max R. Lewkowski are hereby designated trial counsel.


Dated: October 3, 2024
      New York, New York


                                 **HAWKINS PARNELL & YOUNG LLP.**


                                 */s/ Max R. Lewkowski*
                                 ALFRED J. SARGENTE, ESQ.
                                 MAX R. LEWKOWSKI, ESQ.
                                 *Attorneys for Defendant*
                                 *Holcim Solutions & Products US, LLC.*

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-004100-24

**Case Caption:** IACOVACCI JOSEPH  VS SWIFT RESPONSE, LLC

**Case Initiation Date:** 07/15/2024

**Attorney Name:** MAX R LEWKOWSKI

**Firm Name:** HAWKINS PARNELL & YOUNG LLP

**Address:** 275 MADISON AVE 10TH FL
NEW YORK NY 10016

**Phone:** 2128979655

**Name of Party:** DEFENDANT : HOLCIM SOLUTIONS & PRODUCTS

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PRODUCT LIABILITY

**Document Type:** Answer W/Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: JOSEPH  IACOVACCI?** NO

**Are sexual abuse claims alleged by: CAROL  SAIEVA?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/03/2024
Dated

/s/ MAX R LEWKOWSKI
Signed

**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
302-622-7000
ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>   *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC, et al.<br><br><br><br>  *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BER-L-004100-24<br><br>CIVIL ACTION |

## AFFIDAVIT OF SERVICE

Bria Burton, being first duly sworn, deposes and says:

1. She is a paralegal, employed in the office of Elizabeth A. Bailey, Esq. attorney for the Plaintiffs in the above-entitled action.

2. She is not a party to this action;

3. Despite diligent effort and inquiry, personal service on Defendant The Home Depot Inc., could not be made in accordance with R. 4:4-4(a).

4. Accordingly, on August 15, 2024, the affiant arranged for placement in a mailbox regularly maintained by the United States Postal Service in Wilmington, Delaware, a copy of the attached Summons and Complaint in the above-entitled action by United States ordinary

and Certified Mail, with return receipt first-class postage prepaid, to Defendant Home Depot, Inc.'s principal place of business at: 2455 PACES FERRY RD SE, ATLANTA, GA, 30339-4024, USA, consistent with NJ Ct. R.4:4-4 (b).

_____
Bria Burton

SWORN and Subscribed before me
this __11th__ day of __October__ 2024

_Cassandra Leigh Guidetti_
Notary Public
My commission expires: February 25, 2028

**CASSANDRA LEIGH GUIDETTI**
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires February 25, 2028

| | |
|---|---|
| **From:** | Bria Burton |
| **Sent:** | Thursday, August 15, 2024 10:20 AM |
| **To:** | Copy Center |
| **Cc:** | Elizabeth Bailey; Valisity Beal |
| **Subject:** | Certified & Regular Mail - Iacovacci - Summons/Complaint to Home Depot [IWOV-CATASTROPHIC_PI.FID6410] |
| **Attachments:** | Iacovacci Summons - The Home Depot, Inc. (2455 Paces).pdf |

Good Morning! May I have the attached sent out via certified mail and regular mail to the below address? (Matter No. 37901)

THE HOME DEPOT, INC.
2455 PACES FERRY RD SE, ATLANTA, GA, 30339-4024, USA

Thanks!
Bria

**Bria Burton | Paralegal**
Grant & Eisenhofer P.A.
123 Justison St.
Wilmington, DE 19801
Main Office: 302-622-7000
Phone: 302-622-7068
Fax: 302-622-7100
Email: bburton@gelaw.com

1

## SUMMONS

Attorney(s)  Elizabeth Bailey, Esquire

Office Address  123 S. Justison Street, 6th Floor

Town, State, Zip Code  Wilmington, DE 19801

Telephone Number  302-622-7000

Attorney(s) for Plaintiff  Joseph Iacovacci and Carol Saieva

JOSEPH IACOVACCI

CAROL SAIEVA

      Plaintiff(s)

    vs.

SWIFT RESPONSE, LLC

et al.

      Defendant(s)

### Superior Court of New Jersey

Bergen       County

Law       Division

Docket No:  BER-L-004100-24

### CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

                                           */s/ Michelle Smith*

                                     Clerk of the Superior Court

DATED:  08/15/2024

Name of Defendant to Be Served:  The Home Depot, Inc.

Address of Defendant to Be Served:  2455 PACES FERRY RD SE, ATLANTA, GA, 30339-4024, USA

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



New Jersey Judiciary
Civil Practice Division
## Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | | |
|---|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number | |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Elizabeth Bailey | (302) 622-7000    ext. | Bergen County |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Grant & Eisenhofer P.A. | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 123 S. Justison Street, 6th Floor | Wilmington | DE | 19801 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ☒ Yes     ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Joseph Iacovacci and Carol Saieva, Plaintiff | Joesph Iacovacci, et al. v. Swift Response, LLC, et al. |

Case Type Number (See page 3 for listing)   606

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☒ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☒ No |
| Is this a professional malpractice case? | ☐ Yes | ☒ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| | | |
|---|---|---|
| Related Cases Pending? | ☐ Yes | ☒ No |
| If "Yes," list docket numbers | | |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☒ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| | | |
|---|---|---|
| Do parties have a current, past or recurrent relationship? | ☐ Yes | ☒ No |

If "Yes," is that relationship:

☐ Employer/Employee     ☐ Friend/Neighbor     ☐ Familial     ☐ Business
☐ Other (explain) _____

| | | |
|---|---|---|
| Does the statute governing this case provide for payment of fees by the losing party? | ☐ Yes | ☒ No |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

| | | |
|---|---|---|
| Do you or your client need any disability accommodations? | ☐ Yes | ☒ No |

If yes, please identify the requested accommodation:

| | | |
|---|---|---|
| Will an interpreter be needed? | ☐ Yes | ☒ No |

If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV – Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**          ☐ **Title 59**                    ☐ **Consumer Fraud**

**GRANT & EISENHOFER P.A.**

Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
302-622-7000
*Attorneys for Plaintiffs*

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>     *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC<br>2690 Weston Road, Suite 200<br>Weston, FL 33331<br><br>AND<br><br>HOLCIM SOLUTIONS & PRODUCTS US,<br>LLC<br>26 Century Blvd.<br>Suite 305<br>Nashville, TN 37214<br><br>AND<br><br>THE HOME DEPOT, INC.<br>2727 Paces Ferry Road<br>Atlanta, GA 30339<br><br>AND<br><br>CHRIS LEJUEZ<br>84 E. 1st St.<br>Clifton, NJ 07011<br><br>AND<br><br>John Does I-X, | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED<br><br><br>**COMPLAINT** |

|  |  |
|---|---|
| AND | |
| ABC Corporations I-X, | |
| *Defendants*. | |

## CIVIL ACTION COMPLAINT

Plaintiffs Joseph Iacovacci and Carol Saieva, by and through their attorneys, Grant & Eisenhofer, P.A., state the following by way of Complaint:

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, and CHRIS LEJUEZ

1. Plaintiff Joseph Iacovacci is an adult citizen of the State of New Jersey who resides at the above-captioned address.

2. Plaintiff Carol Saieva is an adult citizen of the State of New Jersey who resides at the above-captioned address.

3. At all times material hereto, Plaintiffs Joseph Iacovacci and Carol Saieva were legally married and living together as husband and wife.

4. Defendant Swift Response, LLC ("SWIFT") is a Florida corporation. Its principal place of business is located at the above-captioned address.

5. Upon information and belief, SWIFT is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling, and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

6. Defendant HOLCIM SOLUTIONS & PRODUCTS US, LLC ("HOLCIM") is an Indiana corporation whose principal place of business is 250 West 96th Street, Indi IN 46260.

7. Upon information and belief, HOLCIM is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

8. Defendant HOME DEPOT STORES ("HOME DEPOT") is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

9. Upon information and belief, HOME DEPOT is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

10. Defendant CHRIS LEJUEZ ("LEJUEZ") is a resident of the State of New Jersey.

11. LEJUEZ is the manager of the HOME DEPOT store located at 450 Hackensack Avenue, Hackensack, NJ. Upon information and belief, LEJUEZ is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

12. Defendants John Does I-X are individuals who have not yet been identified and are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed who have not yet been identified.

13. Defendants ABC Corporations I-X are entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed, who have not yet been identified.

14. Defendants SWIFT, HOLCIM, HOME DEPOT, LEJUEZ, John Does I-X, and ABC Corporations I-X shall be collectively referred to as "Defendants" throughout.

3

*JURISDICTION AND VENUE*

15.     The Court has jurisdiction over this matter because the Plaintiff is a citizen and resident of Bergen County, New Jersey; the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey; the subject product was purchased in Bergen County, New Jersey; one or more Defendants are citizens of New Jersey,  and the Defendants were actually doing business in Bergen County, New Jersey, by virtue of their respective designing, assembling, manufacturing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in Bergen County, New Jersey.

16.     Jurisdiction is appropriate as the subject product was heavily advertised in the state of New Jersey, the subject product sold within the state of New Jersey, and the Defendants engaged in regular and systematic business in Bergen County, New Jersey.

17.     Pursuant to NJ Ct. R. 4:3-2(a) and (b), venue is proper in Bergen County, New Jersey, because the Plaintiff was a citizen and resident of Bergen County, New Jersey, the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey, the subject product was shipped, delivered, advertised and sold in Bergen County, New Jersey, and all Defendants were actually doing business in Bergen County.

*BACKGROUND – FLEX SEAL*

18.     Flex Seal Liquid is produced in a liquidized rubber coating that can be brushed, rolled, or poured onto multiple surfaces to seal, patch holes, and block out moisture and air.

19.     Because Flex Seal Liquid can be poured onto a surface, the toxins within the product can come in contact with or be inhaled by the product's user, even if they properly dispense the product in an intended and/or reasonably foreseeable manner to the manufacturer.

20.     SWIFT has been manufacturing and selling Flex Seal for at least 13 years.

4

21.    SWIFT specializes in producing thick rubberized liquid sealant and adhesive that can be applied to several different surfaces for multiple uses.  They produced, manufactured, and distributed Flex Seal Liquid Rubber Sealant Coating bearing ID number LFSWHTR32 and serial number W22DO218 (hereinafter referred to as the "Subject Product").

22.    The Subject Product contains a combination of solvent ingredients, such as toluene, xylene and methyl ethyl ketone, isocyanates, volatile organic compounds and silica dust which create the rubberized sealant material.

23.    Several of the ingredients contained within the Subject Product carry a risk of central nervous system effects and respiratory damage, including, but not limited pneumonia, shortness of breath, and other adverse respiratory consequences.

24.    Despite the hazardous components of its ingredients, the Subject Product's label advertises it as non-toxic, non-hazardous, and chemical resistant.

25.    Most notably, the Subject Product contained no warnings or instructions about risk to the respiratory system from inhalation or exposure or the need for personal protective equipment.

26.    The Subject Product contained no warnings or instructions about either the short-term or long-term health effects of neurological damage and respiratory problems.

27.    The Defendants recognized that the Subject Product can cause the need for medical intervention from skin contact, eye contact, or ingestion of the product, but simply advised to call a "doctor immediately" as listed on its label.

5

28.     The Defendant, SWIFT, intentionally markets their products to the everyday consumer, promoting "DIY", and provides detailed "how-to" blogs on its website to instruct its large demographic regarding the multiple uses of the Subject Product.[1]

29.     The Defendants knew or should have known that its target consumer has no specialized training in handling chemicals and would be relying wholly on the labeling and the sales associates knowledge when purchasing the Subject Product.

30.     The Defendants knew or should have known that the Subject Product could come into contact with or be inhaled by the user of the product, even if the user properly used the Subject Product as intended, in accordance with their instructions, and/or as would have been reasonably foreseeable to the Defendants.

### *PLAINTIFF JOSEPH IACOVACCI*

31.     At all times material hereto, the Defendants, SWIFT and HOLCIM  manufactured, distributed and/or supplied the Subject Product to the Defendant, HOME DEPOT, to their store located at 450 Hackensack Avenue, Hackensack in Bergin County, New Jersey (hereinafter the "subject store").

32.     On July 25, 2022, Plaintiff Joseph Iacovacci presented to the subject store to purchase a 1-quart can of the Subject Product to repaint his front porch railing in his home in Bergen County, New Jersey.

33.     On July 25, 2022, LEJUEN assisted Plaintiff and recommended the Subject Product and encouraged its purchase.

34.     Prior to its use, Iacovacci read the label and instructions for use.

---

[1] www.flexsealproducts.com/blogs/how-to

6

35.     No label, warning, or instruction was either associated with or placed durably on the Subject Product warning against dangers of respiratory damages or injury caused by the ingredients within the product or the need for certain personal protective equipment.

36.     Upon returning to his home in Bergen County, New Jersey, Iacovacci opened the Subject Product and proceeded to use the product for approximately three hours.

37.     Over the next few days, Iacovacci experienced trouble breathing, neurological symptoms, and a high-temperature fever.

38.     Within the week, Iacovacci was hospitalized and diagnosed with chemical left-sided pneumonia.

39.     Defendants' conduct, set forth below, directly and proximately caused Iacovacci's injuries and damages.

40.     As a result of the Defendants' conduct and the Subject Product, Iacovacci suffered from severe and permanent injuries to his lungs, including but not limited to, decreased lung capacity, shortness of breath, cough, and hypoxia.

41.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has undergone intensive medical care including, but not limited to, in-patient hospitalization,  regular prescriptions and check-up care, frequent medical monitoring, and medications that will continue.

42.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci will continue to incur medical expenses for treatment rendered in the past as he undergoes future medical treatment and care as necessary to monitor, treat, and/or cure his medical conditions.

7

43. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered disfigurement, embarrassment, humiliation, and pain and suffering.

44. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered wage loss. He will continue to suffer future wage loss related to income and benefits and impairment of his earning capacity and power.

45. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has or may incur other financial losses or expenses.

46. As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has and will lose enjoyment of his life, as he is hindered from attending and performing his usual daily activities, recreational and social pursuits.

WHEREFORE, Plaintiff's demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## COUNT ONE- STRICT PRODUCT LIABILITY - PRODUCTS LIABILITY

## JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X,  AND ABC CORPORATION I-X

47. Plaintiff reasserts, incorporates, and adopts by reference each contention in Paragraphs 1 through 46 as if fully set forth herein.

48. Defendants are in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying Flex Seal Liquid, such as the Subject Product that was used by Joseph Iacovacci, that caused him serious, disabling, and permanent injuries.

8

49. At all relevant times, Defendants designed, manufactured, distributed, marketed, sold, assembled, placed warnings on and/or placed the Subject Product into the stream of commerce and did design, manufacture, distribute, market, sell, assemble, and/or place the Subject Product into the stream of commerce.

50. One or more Defendants designed, assembled, manufactured, distributed, sold, supplied, maintained, placed warnings on, and/or modified the Subject Product and its warnings and instructions.

51. The Subject Product and its warnings and instructions were expected to reach users such as Iacovacci and did, in fact, reach him without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased, and/or supplied.

52. At all relevant times hereto, the Subject Product was used and employed for the purpose for which it was designed and manufactured and/or was used in a reasonably foreseeable manner.

53. Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors, and employees, breached N.J.S.A. 2A: 58C-2, *et seq.* by designing, manufacturing, distributing, and selling the Subject Product, designed in a defective manner and without adequate warnings and instructions as follows:

    a.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unreasonably dangerous for their target consumer;

    b.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unsafe and defective;

    c.    designing, manufacturing, equipping, distributing, leasing, selling, and/or supplying the Subject Product despite being unsafe for all of their intended and foreseeable purposes and uses;

d.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a defective condition;

e.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a condition that deviated from its own design specifications, formulae, or performance standards;

f.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking all necessary safety features to protect users of said Products;

g.    failing to design, manufacture, and/or equip the Subject Product to reduce or eliminate exposure and/or danger of exposure to the end user;

h.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking adequate safeguards;

i.    designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product despite its lack of adequate, necessary, and/or proper warnings;

j.    designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product, even though it posed an unreasonably dangerous risk from the exposure that was reasonably foreseeable to occur to consumers of the Subject Product;

k.    designing, manufacturing, assembling, distributing, leasing, selling and/or supplying the Subject Product that could be designed more safely;

l.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate, necessary and/or proper instructions;

m.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided concerning the danger presented by the Product;

n.    failing to warn about the risk of respiratory damage and injury resulting from exposure to the Subject Product;

10

o.    failing to take reasonable steps to ensure that product warnings were conveyed to and reached the consumer of the Subject Product.

p.    misrepresenting to consumers that the Subject Product was safe for intended use;

q.    misrepresenting to consumers that the Subject Product did not pose a significant risk to breathing and lung function;

r.    failing to warn consumers of its Subject Product that exposure by consumers poses a risk of respiratory injury and/or damage;

s.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that communicated adequate warning, instruction, and information on the dangers and safe use of the Subject Product;

t.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that take into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used;

u.    failing to provide instructions to users of this product regarding the use of the Subject Product;

v.    failing to provide users of this product with warnings, instructions and/or training regarding the proper use of the Subject Product;

w.    failing to know or discover that the Subject Product was not safe for exposure;

x.    failing to know or discover that the Subject Product posed a significant risk to breathing and lung function;

y.    failing to know or discover that the Subject Product posed an unreasonable risk of exposure, despite proper or foreseeable uses of the Subject Product;

z.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that was unreasonably dangerous for use by end users, including Plaintiff;

aa.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that

11

Defendants knew or should have known was unreasonably dangerous for use by end users, including Plaintiff;

bb.    failing to warn against exposure, despite their knowledge that everyday consumers like Plaintiff may be exposed to the Subject Product;

cc.    failing to warn end users of the Subject Product, including Plaintiff, that exposure to the Subject Product was dangerous, despite their knowledge that everyday consumers like Plaintiff would not be aware of the danger posed by the Subject Product;

dd.    failing to adequately warn end users of the Subject Product, including Plaintiff, to take adequate safeguards against respiratory exposure to the Subject Product;

ee.    failing to adequately warn end users of the Subject Product, including Plaintiff, of the need to ensure that the Subject Product was only used with adequate ventilation;

ff.    failing to adequately warn end users of the Subject Product, including Plaintiff, about the danger of the Subject Product, including respiratory injury;

gg.    failing to adequately warn end users to use proper personal protective equipment during use of the Subject Product;

hh.    failing to adequately instruct end users on the dangers of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

ii.    failing to adequately instruct end users on the safe use of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

jj.    failing to ensure the Subject Product did not pose a threat the health and safety of end users of the Subject Product;

kk.    violating applicable federal, state, local and/or industry standards;

ll.    negligence at law;

12

mm.    failing to exercise reasonable care under all the circumstances, including the in design, manufacture, sale and distribution of the Subject Product and its associated warnings and instructions;

nn.    being otherwise negligent, careless, grossly negligent, reckless, and strictly liable as may appear from facts that may be determined during discovery or trial.

54.    As a direct and proximate result of the defective, dangerous, and unsafe condition and/or design and/or manufacture of the Subject Product, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering, set forth, without limitation above.

55.    As a direct and proximate result of the Subject Product's inadequate warnings and instructions, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering.

56.    The damages and injury at issue, set forth above, were caused by the defects of the Subject Product.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## SECOND COUNT- BREACH OF EXPRESS WARRANTY

## JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X, AND ABC CORPORATION I-X

57.    Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 56 as if fully set forth herein.

13

58.     At all relevant times, Defendants expressly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use.

59.     The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

60.     At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted expressly that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

61.     Defendants breached the aforesaid express warranties, by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

62.     As a direct and proximate result of the breaches of warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiff demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**THIRD COUNT- BREACH OF IMPLIED WARRANTY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X, ABC CORPORATION I-X**

14

63. Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 62 as if fully set forth herein.

64. At all relevant times, Defendants impliedly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use. \

65. The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

66. At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted, impliedly, that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

67. Defendants breached the aforesaid impliedly warranties by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

68. As a direct and proximate result of the breaches of implied warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

15

## FOURTH COUNT – LOSS OF CONSORTIUM

## CAROL SAIEVA v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ, JOHN DOES I-X, ABC CORPORATION I-X

69.     Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 68 as if fully set forth herein.

70.     At all relevant times, Carol Saieva was Joseph Iacovacci's wife.

71.     As a direct and proximate result of Defendants' conduct and Products, as set forth above, Carol Saieva, wife of Plaintiff Joseph Iacovacci, has suffered consequential damages, been deprived of her husband's full society, care, comfort, and companionship, and has otherwise suffered loss of consortium.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**GRANT & EISENHOFER P.A.**

BY:     */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 15, 2024

## JURY DEMAND

A trial by jury is hereby demanded.

**GRANT & EISENHOFER P.A.**

BY:     */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date:  July 15, 2024

16

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Elizabeth A. Bailey,

Esquire is hereby designated as Trial Counsel.

**GRANT & EISENHOFER P.A.**

BY:   */s/ Elizabeth A. Bailey*
       ELIZABETH A. BAILEY ESQ.
       *Attorneys for Plaintiffs*

Date:  July 15, 2024

## DEMAND FOR DISCOVERY PURSUANT TO N.J.R.C.P. 17-2

Plaintiff hereby demands that defendants respond to Form C and C(4) Interrogatories within the time provided under the New Jersey Rules of Civil Procedure.

**GRANT & EISENHOFER P.A.**

BY:   */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 15, 2024

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable liability policies including any excess or umbrella policies with declaration sheets as well as the requisite Certifications regarding the same pursuant to R. 4:18-1(c) within thirty (30) days of the service of this Complaint.

**GRANT & EISENHOFER P.A.**

BY:     */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 15, 2024

19

## CERTIFICATION OF COUNSEL

I hereby certify that pursuant to Rule 4:5-1, are currently pending in connection with this controversy in which the following parties are named: JOSEPH IACOVACCI, CAROL SAIEVA, SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, and. ABC CORPORATIONS I-X. I further certify that there is no arbitration proceeding pending or contemplated. Finally, I certify that there are no other parties, to the best of my knowledge, which should be joined.

**GRANT & EISENHOFER P.A.**

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 15, 2024



New Jersey Judiciary
Civil Practice Division
# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Elizabeth Bailey | (302) 622-7000    ext. | Bergen County |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Grant & Eisenhofer P.A. | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 123 S. Justison Street, 6th Floor | Wilmington | DE | 19801 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ☒ Yes    ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Joseph Iacovacci and Carol Saieva, Plaintiff | Joesph Iacovacci, et al. v. Swift Response, LLC, et al. |

Case Type Number (See page 3 for listing)  __606_____

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ☒ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☒ No |
| Is this a professional malpractice case? | ☐ Yes | ☒ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ☒ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☒ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |
|---|---|---|

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?      ☐ Yes      ☒ No

    If "Yes," is that relationship:

    ☐ Employer/Employee      ☐ Friend/Neighbor      ☐ Familial      ☐ Business

    ☐ Other (explain) _____

---

Does the statute governing this case provide for payment of fees      ☐ Yes      ☒ No
by the losing party?

---

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

---

Do you or your client need any disability accommodations?      ☐ Yes      ☒ No

    If yes, please identify the requested accommodation:

Will an interpreter be needed?      ☐ Yes      ☒ No

    If yes, for what language?

---

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV – Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**          ☐ **Title 59**                    ☐ **Consumer Fraud**

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-004100-24

**Case Caption:** IACOVACCI JOSEPH  VS SWIFT RESPONSE, LLC

**Case Initiation Date:** 07/15/2024

**Attorney Name:** ELIZABETH ANNE BAILEY

**Firm Name:** GRANT & EISENHOFER, PA

**Address:** 123 JUSTISON ST

WILMINGTON DE 19801

**Phone:** 3026227000

**Name of Party:** PLAINTIFF : IACOVACCI, JOSEPH

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: JOSEPH IACOVACCI?** NO

**Are sexual abuse claims alleged by: CAROL SAIEVA?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/15/2024                                                                /s/ ELIZABETH ANNE BAILEY
Dated                                                                                         Signed

FIRST CLASS MAIL

THE HOME DEPOT, INC.

2455 PACES FERRY RD SE, ATLANTA, GA, 30339-4024, USA



quadient

CORRECTION

IMI

$013.00 ⁹

08/15/2024 ZIP 19801

043M31246233

US POSTAGE

FIRST • CLASS    FIRST • CLASS    FIRST • CLASS    FIRST • CLASS

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE HOME DEPOT, INC.
2455 PACES FERRY RD SE, ATLANTA, GA, 30339-4024, USA

9590 9402 8011 2305 8722 21

2. Article Number *(Transfer from service label)*

9589 0710 5270 0189 4487 44

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ed Mail
☐ ed Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



# USPS Tracking®

FAQs ›

**Track Packages
Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

**Tracking Number:**

## 9589071052700189448744

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was picked up at a postal facility at 12:46 pm on August 24, 2024 in ATLANTA, GA 30339.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Individual Picked Up at Postal Facility**

ATLANTA, GA 30339
August 24, 2024, 12:46 pm

See All Tracking History

**What Do USPS Tracking Statuses Mean?**
(https://faq.usps.com/s/article/Where-is-my-package)

Feedback

BER-L-004100-24  10/11/2024 1:24:13 PM  Pg 38 of 39  Trans ID: LCV20242626702
Case 2:24-cv-10394-ES-JBC  Document 1-2  Filed 11/08/24  Page 80 of 174 PageID: 95

## Text & Email Updates ⌄

## USPS Tracking Plus® ⌄

## Product Information ⌄

**See Less ∧**

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

BER-L-004100-24   10/11/2024 1:24:13 PM   Pg 39 of 39   Trans ID: LCV20242626702
Case 2:24-cv-10394-ES-JBC   Document 1-2   Filed 11/08/24   Page 81 of 174 PageID: 96

| | | |
|---|---|---|
| JOSEPH IACOVACCI and CAROL SAIEVA, | Plaintiff, | Circuit Court of New Jersey<br>Law Division<br>Bergen County |
| vs. | | Docket Number: BER-L-004100-24 |
| SWIFT RESPONSE, LLC , et al, | Defendant, | |

**Person to be served** (Name & Address):
Swift Response, LLC
2690 Weston Road
Suite 200
Weston, FL 33331

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Attorney:**
Elizabeth A. Bailey, Esquire
Clark, Fountain, La Vista, Littky-Rubin, & Whitman, LLP
3601 PGA Blvd.
Suite 300
Palm Beach Gardens, FL 33410

**Papers Served:** Civil Action Summons, Civil Case Information Statement, Complaint, Demand for Discovery, Demand for Insurance Coverage, Certification of Counsel

**Service Data:**

Served Successfully __**X**__     Not Served_____     Date: _10/9/2024_     Time: _9:05 am_     Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___**X**___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_Alicia Christianson_____

_Employee of RA_____

**Description of Person Accepting Service:**

Sex: _F___     Age: _36___     Height: _5'4"__     Weight: _120__     Skin Color: _Caucasian_____     Hair Color: _Dark Brown____

**Unserved:**

(  ) Defendant is unknown at the address furnished by the attorney
(  ) All reasonable inquiries suggest defendant moved to an undetermined address
(  ) No such street in municipality
(  ) No response on: _____Date _____Time
_____Date _____Time

(  ) Other: _____

**Comments or Remarks:**

  Swift Response, LLC – Attempted service at 2690 Weston Road, Suite 200, Weston, FL 33331 – visually vacant. No furniture inside.
Swift Response, LLC is active in Sunbiz and provides 15499 SW 12TH ST, SUITE 501, SUNRISE, FL 33326 as their principal address. RA is GY CORPORATE SERVICES, INC. at 777 S. FLAGLER DR, STE 500E, WEST PALM BEACH, FL 33401.

Client requested service c/o GY CORPORATE SERVICES, INC, RA, 777 S. FLAGLER DR, STE 500E, WEST PALM BEACH, FL 33401.



**Server Data:**

Subscribed and Sworn to before me on the 11th day of October, 2024 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

I, Truong "June" Nguyen, was at the time of service a competent adult not having a direct interest in the litigation.  I declare under penalty of perjury that the foregoing is true and correct.

**/s/ Truong Nguyen**                                       10/11/2024
_____
Signature of Process Server                              Date

Williams Process Service, Inc.
721 US Highway 1
Suite 121
North Palm Beach, FL 33408
(561) 881-1442
Our Job Serial Number: WPS-2024022027

JOSEPH IACOVACCI and CAROL      Plaintiff,
SAIEVA,

       vs.

SWIFT RESPONSE, LLC , et al,      Defendant,

Circuit Court of New Jersey
Law Division
Bergen County
Docket Number: BER-L-004100-24

**Person to be served** (Name & Address):
Swift Response, LLC
2690 Weston Road
Suite 200
Weston, FL 33331

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Attorney:**
Elizabeth A. Bailey, Esquire
Clark, Fountain, La Vista, Littky-Rubin, & Whitman, LLP
3601 PGA Blvd.
Suite 300
Palm Beach Gardens, FL 33410

**Papers Served:** Civil Action Summons, Civil Case Information Statement, Complaint, Demand for Discovery, Demand for Insurance Coverage, Certification of Counsel

**Service Data:**

Served Successfully__**X**__    Not Served_____    Date: 10/9/2024_____    Time: 9:05 am____    Attempts:_____

_____ Delivered a copy to him / her personally

Name of Person Served and relationship / title:

_____ Left a copy with a competent household member over 14 years of age residing therein

Alicia Christianson_____

Employee of RA_____

___**X**___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Description of Person Accepting Service:**

Sex: F____   Age: 36___   Height: 5'4"__   Weight: 120___   Skin Color: Caucasian_____   Hair Color: Dark Brown____

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____Date _____Time
                _____Date _____Time

( ) Other: _____

**Comments or Remarks:**

  Swift Response, LLC – Attempted service at 2690 Weston Road, Suite 200, Weston, FL 33331 – visually vacant. No furniture inside.
Swift Response, LLC is active in Sunbiz and provides 15499 SW 12TH ST, SUITE 501, SUNRISE, FL 33326 as their principal address. RA is GY CORPORATE SERVICES, INC. at 777 S. FLAGLER DR, STE 500E, WEST PALM BEACH, FL 33401.

Client requested service c/o GY CORPORATE SERVICES, INC, RA, 777 S. FLAGLER DR, STE 500E, WEST PALM BEACH, FL 33401.



**Server Data:**

I, Truong "June" Nguyen, was at the time of service a competent adult not having a direct interest in the litigation.  I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the 11th day of October, 2024 by the affiant who is personally known to me.

*/s/ Truong Nguyen*                    10/11/2024

Signature of Process Server              Date

_____
NOTARY PUBLIC

Williams Process Service, Inc.
721 US Highway 1
Suite 121
North Palm Beach, FL 33408
(561) 881-1442
Our Job Serial Number: WPS-2024022027

# Affidavit of Service

I _Amanda Hoton_____, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served _The Home Depot, Inc. C/O CSC of Cobb County, Inc._____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) _Civil Summons, CIS, Complaint, Demand for Discovery, Demand for Insurance._

by leaving with _Terri Thompson_____  _R.A._____ at
NAME                                    RELATIONSHIP

☐ Residence _____
ADDRESS                                    CITY / STATE

☒ Business _192 Anderson St. SE #125   Marietta, GA 30060_
ADDRESS                                    CITY / STATE

On _10/11/24_____ at _12:43 pm_____
DATE                              TIME

## Manner of Service:

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☒ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Description:** Age _40's_ Sex _F_ Race _W_ Height _5'3"_ Weight _160_ Hair _Brn_ Beard _NO_ Glasses _N_

## Non-Service:
After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Moved, Left no Forwarding ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

## Service Attempts:
Service was attempted on: (1)_____  (2)_____
                                    DATE         TIME              DATE         TIME
(3)_____  (4)_____  (5)_____
        DATE         TIME              DATE         TIME              DATE         TIME

_Amanda Hoton_____                                    _[signature]_
PRINTED NAME OF PROCESS SERVER                            SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _11th_ day of _Oct_, 2024, by _Amanda Beth Hooten_, Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_[signature]_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _Georgia_____

Beacon Investigative Solutions/Beacon International Group, Inc.
Corporate Headquarters 4200 Regent Street, Suite 200, Columbus, OH 43219 Telephone: 800-535-2136 Fax: 888-285-6177
www.beaconintlgroup.com'

RAJESHKUMAR H RAJPUT
Gwinnett County
Notary Public
Expires 07-23-2027
STATE OF GEORGIA

# Affidavit of Service

I _Amanda Horton_, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served _The Home Depot, Inc._
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) _Civil Summons, CIS, Complaint, Demand for Discovery, Demand for Insurance_

by leaving with _Jae Park_   _Corporate Security_ at
NAME                RELATIONSHIP

☐ Residence _____
ADDRESS                    CITY / STATE

☒ Business _2455 Paces Ferry Rd SE    Atlanta, GA  30339_
ADDRESS                    CITY / STATE

On _10/11/24_ at _12:17 pm_
DATE              TIME

## Manner of Service:

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☒ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Description:** Age _30s_ Sex _M_ Race _A_ Height _5'7"_ Weight _130_ Hair _BLK_ Beard _NO_ Glasses _Y_

## Non-Service:
After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Moved, Left no Forwarding ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

## Service Attempts: Service was attempted on:
(1)_____ (2)_____
        DATE      TIME            DATE      TIME
(3)_____ (4)_____ (5)_____
        DATE      TIME            DATE      TIME            DATE      TIME

_Amanda Horton_
PRINTED NAME OF PROCESS SERVER                    SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _11th_ day of _Oct_, 20 _24_, by _Amanda Beth Norton_, Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _Georgia_

Beacon Investigative Solutions/Beacon International Group, Inc.
Corporate Headquarters 4200 Regent Street, Suite 200, Columbus,
OH 43219 Telephone: 800-535-2136 Fax: 888-285-6177
www.beaconintlgroup.com

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>     *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC, et al.<br><br><br><br>     *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BER-L-004100-24<br><br>CIVIL ACTION<br><br><br><br>ORDER |

This matter having been brought before the Court by Elizabeth A. Bailey, Esquire of the Law Firm of Grant & Eisenhofer P.A., counsel for Plaintiffs Joseph Iacovacci and Carol Saieva for an Order granting Plaintiffs' Motion for Leave to File an Amended Complaint, and the Court having reviewed the moving papers submitted, and any opposition thereto, and for good cause shown:

IT IS, on this      day of          , 2024, ORDERED that Plaintiffs are granted leave to file an Amended Complaint to add Defendant, Home Depot U.S.A., Inc., as Defendant and claims against it.

BY THE COURT:

_____
J.

OPPOSED \_\_\_\_
UNOPPOSED \_\_\_\_

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>   *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC, et al.<br><br><br>   *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BER-L-004100-24<br><br>CIVIL ACTION<br><br><br><br>**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE TRUE NAME FOR DEFENDANTS PREVIOUSLY IDENTIFIED AS ABC CORPORATION (I)** |

**PLEASE TAKE NOTICE** that on October 31, 2024, at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned counsel for Plaintiffs in the above-captioned matter will move before the Superior Court of New Jersey, Law Division, Bergen County, 10 Main Street, Hackensack, New Jersey 07601, for an Order granting Plaintiffs' Motion for Leave to file an Amended Complaint to substitute the true name for defendant previously identified as ABC Corporation I pursuant to Rule 4:9-1.

Plaintiffs will rely upon the enclosed certification of counsel in support of the Motion and submits this Motion to the Court pursuant to Rule 1:6-2. Plaintiffs waive oral argument unless timely opposition is filed, in which case oral argument is requested.

**GRANT & EISENHOFER P.A.**

BY: */s/ Elizabeth A. Bailey*
    ELIZABETH A. BAILEY ESQ.
    *Attorneys for Plaintiffs*

Date: October 15, 2024

**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
302-622-7000
*Attorneys for Plaintiffs*

| | |
|---|---|
| JOSEPH IACOVACCI, <br> 337 Harrison Street <br> Paramus, NJ 07652, <br><br> And <br><br> CAROL SAIEVA, his wife, <br> 337 Harrison Street <br> Paramus, NJ 07652, <br><br> *Plaintiffs*, <br> v. <br><br> SWIFT RESPONSE, LLC, et al. <br><br><br> *Defendants*. | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY <br> LAW DIVISION <br><br> DOCKET NO: BER-L-004100-24 <br><br> CIVIL ACTION <br><br><br> **PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE TRUE NAME FOR DEFENDANTS PREVIOUSLY IDENTIFIED AS ABC CORPORATION (I)** |

I, Elizabeth Bailey, Esquire, of full age, hereby certify as follows:

1.      I am an attorney at law licensed to practice law in the State of New Jersey, and I am of counsel in the law firm of Grant & Eisenhofer P.A.  In this capacity, I am authorized to make this certification in support of Plaintiffs' Motion for Leave to File an Amended Complaint to Substitute True Name for Defendants Previously Identified as ABC Corporations (1-10). I am making this certification upon personal knowledge unless otherwise indicated.

2.      I represent Plaintiffs Joseph Iacovacci and Carol Saieva (collectively "Plaintiffs") in this matter.

3.      This personal injury matter arises from an accident that occurred on July 25, 2024, when Plaintiff Joseph Iacovacci ("Plaintiff") suffered catastrophic and permanent injuries from exposure to a Flex Seal Product.  *See* Plaintiffs' Complaint, attached here as **Exhibit A.**

4.      On July 15, 2024, Plaintiffs filed a Complaint against Defendants Swift Response LLC, Holcim Solutions & Products US, LLC, The Home Depot, Inc., Chris Lejuez, John Does (I-X) and ABC Corporations (I-X) (collectively "Defendants") pursuant to N.J. Rule 4:26-4 allowing the use of fictitious names due to the potential for Plaintiffs to be unable to identify all liable parties at the time of filing.

5.      The current discovery deadline December 27, 2025.

6.      In the Complaint, Plaintiffs named ABC Corporations I-X as "entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of pepper spray products to which Plaintiff was exposed, who have not yet been identified." *See* Plaintiffs' Complaint, attached as Exhibit A, ¶ 14.

7.      In the Complaint, Plaintiffs alleged that all Defendants "were in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying" the product that caused Plaintiff's injuries. , *See* Ex. A, ¶¶ 47

8.      In the Complaint, Plaintiffs alleged that the Product's defective nature caused his injuries. *See* Ex. A, ¶ 52(a)-(cc).

9.      On October 4, 2024, Counsel for Defendant The Home Depot, Inc. advised that the proper corporate form for her client was Home Depot U.S.A., Inc., as Home Depot U.S.A., Inc. runs the stores. *See* October 4, 2024 Email, attached as **Exhibit B**.

**A.      Plaintiffs are entitled to amend the Complaint to add additional Defendants pursuant to Rule 4:26-4**

2

10.    Rule 4:9-1 of the New Jersey Rules of Civil Procedure provides that a Motion for Leave to Amend the Complaint shall be freely given in the interest of justice.  Rule 4:9-1.

11.    The grant or denial of a motion for leave to amend rests upon the Court's sound discretion. *Notte v. Merchants Mutual Insurance Co.,* 185 N.J. 490, 501 (2006), following *Kernan v. One Washington Park Urban Renewal Associates, 154 N.J. 437, 456-457 (1998).* When considering whether a court should exercise its discretion and grant a motion for leave to amend, the Supreme Court stated in *Kernan v. One Washington Park Urban Renewal Associates,* 154 N.J. at 456-457: Rule 4:9-1 requires that motions for leave to amend be granted liberally. Pressler, Current N.J. Court Rules, comment on R. 4:9-1 (1998)*; see also G & W, Inc. v. Borough of E. Rutherford*, 280 N.J.Super. 507, 516, (App.Div.1995) ("[M]otions [for leave to amend] should generally be [liberally] granted even if the ultimate merits of the amendment are uncertain.") (citations omitted)*; Cardell, Inc. v. Piscatelli, 277 N.J.Super. 149, 155 (App.Div.1994)* ("Leave to amend pleadings should be 'freely given in the interest of justice.' ") quoting *R. 4:9-1); Van Natta Mechanical Corp. v. Di Staulo,* 277 N.J.Super. 175, 187 (App.Div.1994)

12.    Rule 4:26-4 provides, in relevant part:

> In any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. ***Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.***

Rule 4:26-4 (emphasis added).

13.    The purpose of Rule 4:26-4 is to protect the rights of a plaintiff who, when the complaint is filed, cannot specifically describe or identify potential defendants. *Fede v. Clara Maass Hosp.*, 221 N.J. Super 329 (1987).

3

14. In *Fede*, an action was brought against a hospital, fictitious individual and fictitious corporate defendant. Thereafter, the plaintiff filed a motion to amend his complaint to substitute additional named defendants. The *Fede* court held:

> The court holds that once plaintiff has properly designated fictitious defendants, in accordance with R. 4:26-4, the subsequent expiration of the statute of limitations has no relevancy. ***All that is required is that plaintiffs' attorney proceeds diligently and defendants not be prejudiced.***

*Id*. at 331-332 (emphasis added). The court further stated:

> Ultimately, this motion is governed by the **"interests of justice."** The Supreme Court [of New Jersey] … evinced a willingness to relax the rule (R. 4:26-4) if the reason for the delay in specifying the name of the fictitious defendant emanated from the frustration of discovery by the plaintiffs' adversary and not plaintiffs' lack of diligence.
>
> \* \* \*
>
> We must not forget that the aim of our rules if procedure **"is to better serve the cause of justice"** . . . and that **"justice is the polestar and our procedures must ever be molded and applied with that in mind."**

*Id*. at 339 (emphasis added).

24. The Supreme Court of New Jersey has shown a willingness to relax Rule 4:26-4, where rigid application would time-bar an otherwise valid claim. *Viviano v. CBS, Inc.*, 101 N.J. 538 (1986).

25. Under Rule 4:26-4 and New Jersey case law, Plaintiffs are entitled to amend the Complaint to add the identified additional Defendants.

26. Plaintiffs properly named fictitious entities in their Complaint pursuant to the New Jersey Rules of Civil Procedure.

27. There is no prejudice to adding Home Depot U.S.A., Inc. to any Defendants in this matter.

4

28.     As the facts here demonstrate, Home Depot U.S.A., Inc. was on notice of the lawsuit and share common ownership or other close business ties with currently named defendant The Home Depot, Inc.

29.     Their legal representation further evidences the existence of this close relationship, as counsel of The Home Depot, Inc. reached out on behalf of Home Depot U.S.A., Inc. as well. *See* Exhibit B.

30.     Plaintiffs diligently attempted to identify the responsible parties for this accident.

31.     Plaintiffs' failure to identify Home Depot U.S.A., Inc. was not related to Plaintiffs' lack of diligence but resulted from the Home Depot corporations' intricacies. Indeed, there are over eighteen Home Depot-related entities on the Georgia Corporate registry alone.

32.     Within two weeks of learning Home Depot U.S.A., Inc.'s identity and involvement, Plaintiffs moved for its inclusion.

33.     In short, Plaintiffs should be permitted to substitute Home Depot U.S.A., Inc. as a fictitious entity ABC Corporation (I).

**B.     Plaintiffs are entitled to amend the Complaint to add additional Defendants pursuant to the "Discovery Rule."**

34.     The "discovery rule" states that "an appropriate cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." *Lopez v. Swyer*, 62 N.J. 267 (1973); *see also Bernstein v. Chestock*, 171 N.J. Super. 566 (1979).

35.     In *Bernstein*, the plaintiff appealed the trial court's denial of his motion to amend his complaint to add a party defendant. *Id*. at 567.  The plaintiff had learned the name of an additional doctor involved in his care when he was furnished a copy of a letter during discovery. The *Bernstein* court held:

5

> It is our view that where a proposed amended complaint, such as in the malpractice action here involved or the affidavit submitted in support of the motion for leave to amend, sets forth at least *prima facie* that the factual basis for the cause of action sought to be asserted was not discovered or reasonably discoverable prior to the expiration of the statute of limitations, the fact-finding process required of the trial judge would preclude the denial of the motion to amend.

*Id*. at 570.  Thus, the Court concluded that "the plaintiffs' motion to amend should have been granted." *Id*.

36.    Similarly, in *Lawrence R. McCoy Co. v. S.S. "Theometor III"*, 133 N.J. Super. 308 (1975).  The plaintiff learned the name of an additional defendant when furnished with a copy of a letter during discovery.  According to the Court:

> The facts present a compelling case for giving plaintiffs some relief under the "discovery" rule.  They were never apprised of the existence of H.M.T. by Holt Hauling prior to the time that leave was sought to amend the complaint.  Past dealing with Holt Hauling gave no indication that the terminal was operated by an entity other than Holt Hauling.  Most important, in view of the fact that both Holt Hauling and H.M.T. has the same principals there appears to have been no prejudice suffered by defendant.  Such circumstances bring this case well within the spirit, if not the letter, of *Lopez* and mandate relief from the limitation's language of the bills of lading.

*Id*. at 316.

37.    Here, Plaintiffs learned of the involved entity only after disclosed by counsel for Defendant the Home Depot, Inc. and Home Depot U.S.A., Inc.

38.    This information was not revealed or provided to Plaintiffs at any time before filing.

39.    For all the reasons discussed above, Plaintiffs' Motion for Leave to File an Amended Complaint to Substitute the True Name for Defendants Previously Identified as ABC Corporation (I) as should be granted.

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion for Leave to File an Amended Complaint to Substitute

6

the True Name for Defendants Previously Identified as ABC Corporation I.  A copy of Plaintiffs' proposed Amended Complaint is attached as **Exhibit C.**

**GRANT & EISENHOFER P.A.**

BY:   */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: October 15, 2024

## **CERTIFICATION**

We certify that the foregoing statements made by us are true.  We are aware that if any of

the foregoing statements made by us are willfully false, we are subject to punishment.

**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
302-622-7000
*Attorneys for Plaintiffs*

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>   *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC, et al.<br><br><br>   *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BER-L-004100-24<br><br>CIVIL ACTION<br><br><br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE TRUE NAME FOR DEFENDANTS PREVIOUSLY IDENTIFIED AS ABC CORPORATION (I)** |

Plaintiffs, by and through undersigned counsel, hereby submit this Brief in Support of their Motion for Leave to Amend the Complaint to Substitute True Name For Defendants Previously Identified As ABC Corporation (I).

## I. STATEMENT OF FACTS

On July 15, 2024, Plaintiffs filed a Complaint against Defendants Swift Response LLC, Holcim Solutions & Products US, LLC, The Home Depot, Inc., Chris Lejuez, John Does (I-X) and ABC Corporations (I-X) (collectively "Defendants") pursuant to N.J. Rule 4:26-4 allowing the use of fictitious names due to the potential for Plaintiffs to be unable to identify all liable parties at the time of filing. The current discovery deadline December 27, 2025.

1

In the Complaint, Plaintiffs named ABC Corporations I-X as "entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of pepper spray products to which Plaintiff was exposed, who have not yet been identified." *See* Plaintiffs' Complaint, attached as **Exhibit A**, ¶ 14. In the Complaint, Plaintiffs alleged that all Defendants "were in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying" the product that caused Plaintiff's injuries, *See* Ex. A, ¶¶ 47. In the Complaint, Plaintiffs alleged that the Product's defective nature caused his injuries. *See* Ex. A, ¶ 52(a)-(cc).

On October 4, 2024, Counsel for Defendant The Home Depot, Inc. advised that the proper corporate form for her client was Home Depot U.S.A., Inc., as Home Depot U.S.A., Inc. runs the stores. *See* October 4, 2024 Email, attached as **Exhibit B**.

## II.    STATEMENT OF LAW

### A.    *Plaintiffs are entitled to amend the Complaint to add additional Defendants pursuant to Rule 4:26-4*

Rule 4:9-1 of the New Jersey Rules of Civil Procedure provides that a Motion for Leave to Amend the Complaint shall be freely given in the interest of justice.  Rule 4:9-1. The grant or denial of a motion for leave to amend rests upon the Court's sound discretion. *Notte v. Merchants Mutual Insurance Co.,* 185 N.J. 490, 501 (2006), following *Kernan v. One Washington Park Urban Renewal Associates, 154 N.J. 437, 456-457 (1998).* When considering whether a court should exercise its discretion and grant a motion for leave to amend, the Supreme Court stated in *Kernan v. One Washington Park Urban Renewal Associates,* 154 N.J. at 456-457: Rule 4:9-1 requires that motions for leave to amend be granted liberally. Pressler, Current N.J. Court Rules, comment on R. 4:9-1 (1998)*; see also G & W, Inc. v. Borough of E. Rutherford*, 280 N.J.Super. 507, 516, (App.Div.1995) ("[M]otions [for leave to amend] should generally be [liberally] granted

2

even if the ultimate merits of the amendment are uncertain.") (citations omitted); *Cardell, Inc. v. Piscatelli, 277 N.J.Super. 149, 155 (App.Div.1994)* ("Leave to amend pleadings should be 'freely given in the interest of justice.' ") quoting *R. 4:9-1); Van Natta Mechanical Corp. v. Di Staulo, 277 N.J.Super. 175, 187 (App.Div.1994)*

Rule 4:26-4 provides, in relevant part:

> In any action . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. ***Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.***

Rule 4:26-4 (emphasis added). The purpose of Rule 4:26-4 is to protect the rights of a plaintiff who, when the complaint is filed, cannot specifically describe or identify potential defendants. *Fede v. Clara Maass Hosp.*, 221 N.J. Super 329 (1987).

In *Fede*, an action was brought against a hospital, fictitious individual and fictitious corporate defendant. Thereafter, the plaintiff filed a motion to amend his complaint to substitute additional named defendants. The *Fede* court held:

> The court holds that once plaintiff has properly designated fictitious defendants, in accordance with R. 4:26-4, the subsequent expiration of the statute of limitations has no relevancy. ***All that is required is that plaintiffs' attorney proceeds diligently and defendants not be prejudiced.***

*Id*. at 331-332 (emphasis added). The court further stated:

> Ultimately, this motion is governed by the **"interests of justice."** The Supreme Court [of New Jersey] … evinced a willingness to relax the rule (R. 4:26-4) if the reason for the delay in specifying the name of the fictitious defendant emanated from the frustration of discovery by the plaintiffs' adversary and not plaintiffs' lack of diligence.
>
> * * *
>
> We must not forget that the aim of our rules if procedure **"is to**

3

> **better serve the cause of justice"** . . . and that **"justice is the polestar and our procedures must ever be molded and applied with that in mind."**

*Id*. at 339 (emphasis added). The Supreme Court of New Jersey has shown a willingness to relax Rule 4:26-4, where rigid application would time-bar an otherwise valid claim. *Viviano v. CBS, Inc.*, 101 N.J. 538 (1986).

Under Rule 4:26-4 and New Jersey case law, Plaintiffs are entitled to amend the Complaint to add the identified additional Defendants. Plaintiffs properly named fictitious entities in their Complaint pursuant to New Jersey Rules of Civil Procedure. There is no prejudice to adding Home Depot U.S.A., Inc. to any Defendants in this matter. As the facts here demonstrate, Home Depot U.S.A., Inc. was on notice of the lawsuit and share common ownership or other close business ties with currently named defendant The Home Depot, Inc. Their legal representation further evidences the existence of this close relationship, as counsel of The Home Depot, Inc. reached out on behalf of Home Depot U.S.A., Inc. as well. *See* Exhibit B.

Plaintiffs diligently attempted to identify the responsible parties for this accident. Plaintiffs' failure to identify Home Depot U.S.A., Inc. was not related to Plaintiff's lack of diligence but resulted from the Home Depot corporations' corporate intricacies. Indeed, there are **_over eighteen_** Home Depot-related entities on the Georgia Corporate registry alone. Within two weeks of learning Home Depot U.S.A., Inc.'s identity, the Plaintiffs moved for its inclusion. In short, Plaintiff should be permitted to substitute Home Depot U.S.A., Inc. as a fictitious entity ABC Corporation (I).

**B.    *Plaintiffs are entitled to amend the Complaint to add additional Defendants pursuant to the "Discovery Rule."***

The "discovery rule" states that "an appropriate cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should

4

have discovered that he may have a basis for an actionable claim." *Lopez v. Swyer*, 62 N.J. 267 (1973); *see also Bernstein v. Chestock*, 171 N.J. Super. 566 (1979).   In *Bernstein*, the plaintiff appealed the trial court's denial of his motion to amend his complaint to add a party defendant. *Id.* at 567.   The plaintiff had learned the name of an additional doctor involved in his care when he was furnished a copy of a letter during discovery.   The *Bernstein* court held:

> It is our view that where a proposed amended complaint, such as in the malpractice action here involved or the affidavit submitted in support of the motion for leave to amend, sets forth at least *prima facie* that the factual basis for the cause of action sought to be asserted was not discovered or reasonably discoverable prior to the expiration of the statute of limitations, the fact-finding process required of the trial judge would preclude the denial of the motion to amend.

*Id.* at 570.   Thus, the Court concluded that "the plaintiffs' motion to amend should have been granted." *Id.*

Similarly, in *Lawrence R. McCoy Co. v. S.S. "Theometor III"*, 133 N.J. Super. 308 (1975). The plaintiff learned the name of an additional defendant when furnished with a copy of a letter during discovery.   According to the Court:

> The facts present a compelling case for giving plaintiffs some relief under the "discovery" rule.   They were never apprised of the existence of H.M.T. by Holt Hauling prior to the time that leave was sought to amend the complaint.   Past dealing with Holt Hauling gave no indication that the terminal was operated by an entity other than Holt Hauling.   Most important, in view of the fact that both Holt Hauling and H.M.T. has the same principals there appears to have been no prejudice suffered by defendant.   Such circumstances bring this case well within the spirit, if not the letter, of *Lopez* and mandate relief from the limitations language of the bills of lading.

*Id.* at 316.

Here, Plaintiffs learned of the involved entity only after disclosed by counsel for Defendant the Home Depot, Inc. and Home Depot U.S.A., Inc.  This information was not revealed or provided to Plaintiffs at any time before filing. For all the reasons discussed above,

5

Plaintiffs' Motion for Leave to File an Amended Complaint to Substitute the True Name for Defendants Previously Identified as ABC Corporation (I) as should be granted.

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully requests that this Honorable Court grant Plaintiffs' Motion for Leave to File an Amended Complaint to Substitute the True Name for Defendants Previously Identified as ABC Corporation (I.  A copy of Plaintiffs' proposed Amended Complaint is attached as **Exhibit C.**

**GRANT & EISENHOFER P.A.**

BY:    */s/ Elizabeth A. Bailey*
         ELIZABETH A. BAILEY ESQ.
         *Attorneys for Plaintiffs*

Date: October 15, 2024

6

**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
302-622-7000
*Attorneys for Plaintiffs*

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>     *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC, et al.<br><br><br><br>     *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BER-L-004100-24<br><br>CIVIL ACTION<br><br><br>**PROOF OF MAILING** |

The original of the within Notice of Motion and supporting papers have been filed with

Superior Court of New Jersey, Law Division, Bergen County, 10 Main Street Hackensack, New

Jersey 07601 and have been mailed to the following parties by certified mail:

SWIFT RESPONSE, LLC
2690 Weston Road, Suite 200
Weston, FL 33331

Max R. Lewkowski
HAWKINS PARNELL & YOUNG, LLP
275 Madison Avenue, 10th Floor, New York, NY, 10016
Attorney for HOLCIM SOLUTIONS & PRODUCTS US, LLC

THE HOME DEPOT, INC.
2727 Paces Ferry Road
Atlanta, GA 30339

HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road,
Atlanta, Ga, 30339-4024,


CHRIS LEJUEZ
84 E. 1st St.
Clifton, NJ 07011


**GRANT & EISENHOFER P.A.**

BY:    ___*/s/ Elizabeth A. Bailey*___
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*


Date: October 15, 2024

# EXHIBIT A

**GRANT & EISENHOFER P.A.**

Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
302-622-7000
*Attorneys for Plaintiffs*

| | |
|---|---|
| JOSEPH IACOVACCI, <br> 337 Harrison Street <br> Paramus, NJ 07652, <br><br> And <br><br> CAROL SAIEVA, his wife, <br> 337 Harrison Street <br> Paramus, NJ 07652, <br><br>        *Plaintiffs*, <br> v. <br><br> SWIFT RESPONSE, LLC <br> 2690 Weston Road, Suite 200 <br> Weston, FL 33331 <br><br> AND <br><br> HOLCIM SOLUTIONS & PRODUCTS US, LLC <br> 26 Century Blvd. <br> Suite 305 <br> Nashville, TN 37214 <br><br> AND <br><br> THE HOME DEPOT, INC. <br> 2727 Paces Ferry Road <br> Atlanta, GA 30339 <br><br> AND <br><br> CHRIS LEJUEZ <br> 84 E. 1st St. <br> Clifton, NJ 07011 <br><br> AND <br><br> John Does I-X, | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY <br> LAW DIVISION <br><br> DOCKET NO. <br><br> CIVIL ACTION <br><br><br> JURY TRIAL DEMANDED <br><br><br> **COMPLAINT** |

|  |  |
|---|---|
| AND<br><br>ABC Corporations I-X,<br><br><br>*Defendants*. |  |

## CIVIL ACTION COMPLAINT

Plaintiffs Joseph Iacovacci and Carol Saieva, by and through their attorneys, Grant & Eisenhofer, P.A., state the following by way of Complaint:

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, and CHRIS LEJUEZ

1.     Plaintiff Joseph Iacovacci is an adult citizen of the State of New Jersey who resides at the above-captioned address.

2.     Plaintiff Carol Saieva is an adult citizen of the State of New Jersey who resides at the above-captioned address.

3.     At all times material hereto, Plaintiffs Joseph Iacovacci and Carol Saieva were legally married and living together as husband and wife.

4.     Defendant Swift Response, LLC ("SWIFT") is a Florida corporation. Its principal place of business is located at the above-captioned address.

5.     Upon information and belief, SWIFT is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling, and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

6.     Defendant HOLCIM SOLUTIONS & PRODUCTS US, LLC ("HOLCIM") is an Indiana corporation whose principal place of business is 250 West 96th Street, Indi IN 46260.

7.      Upon information and belief, HOLCIM is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

8.      Defendant HOME DEPOT STORES ("HOME DEPOT") is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

9.      Upon information and belief, HOME DEPOT is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

10.      Defendant CHRIS LEJUEZ ("LEJUEZ") is a resident of the State of New Jersey.

11.      LEJUEZ is the manager of the HOME DEPOT store located at 450 Hackensack Avenue, Hackensack, NJ. Upon information and belief, LEJUEZ is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

12.      Defendants John Does I-X are individuals who have not yet been identified and are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed who have not yet been identified.

13.      Defendants ABC Corporations I-X are entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed, who have not yet been identified.

14.      Defendants SWIFT, HOLCIM, HOME DEPOT, LEJUEZ, John Does I-X, and ABC Corporations I-X shall be collectively referred to as "Defendants" throughout.

3

*JURISDICTION AND VENUE*

15. The Court has jurisdiction over this matter because the Plaintiff is a citizen and resident of Bergen County, New Jersey; the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey; the subject product was purchased in Bergen County, New Jersey; one or more Defendants are citizens of New Jersey, and the Defendants were actually doing business in Bergen County, New Jersey, by virtue of their respective designing, assembling, manufacturing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in Bergen County, New Jersey.

16. Jurisdiction is appropriate as the subject product was heavily advertised in the state of New Jersey, the subject product sold within the state of New Jersey, and the Defendants engaged in regular and systematic business in Bergen County, New Jersey.

17. Pursuant to NJ Ct. R. 4:3-2(a) and (b), venue is proper in Bergen County, New Jersey, because the Plaintiff was a citizen and resident of Bergen County, New Jersey, the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey, the subject product was shipped, delivered, advertised and sold in Bergen County, New Jersey, and all Defendants were actually doing business in Bergen County.

*BACKGROUND – FLEX SEAL*

18. Flex Seal Liquid is produced in a liquidized rubber coating that can be brushed, rolled, or poured onto multiple surfaces to seal, patch holes, and block out moisture and air.

19. Because Flex Seal Liquid can be poured onto a surface, the toxins within the product can come in contact with or be inhaled by the product's user, even if they properly dispense the product in an intended and/or reasonably foreseeable manner to the manufacturer.

20. SWIFT has been manufacturing and selling Flex Seal for at least 13 years.

4

21.     SWIFT specializes in producing thick rubberized liquid sealant and adhesive that can be applied to several different surfaces for multiple uses.  They produced, manufactured, and distributed Flex Seal Liquid Rubber Sealant Coating bearing ID number LFSWHTR32 and serial number W22DO218 (hereinafter referred to as the "Subject Product").

22.     The Subject Product contains a combination of solvent ingredients, such as toluene, xylene and methyl ethyl ketone, isocyanates, volatile organic compounds and silica dust which create the rubberized sealant material.

23.     Several of the ingredients contained within the Subject Product carry a risk of central nervous system effects and respiratory damage, including, but not limited pneumonia, shortness of breath, and other adverse respiratory consequences.

24.     Despite the hazardous components of its ingredients, the Subject Product's label advertises it as non-toxic, non-hazardous, and chemical resistant.

25.     Most notably, the Subject Product contained no warnings or instructions about risk to the respiratory system from inhalation or exposure or the need for personal protective equipment.

26.     The Subject Product contained no warnings or instructions about either the short-term or long-term health effects of neurological damage and respiratory problems.

27.     The Defendants recognized that the Subject Product can cause the need for medical intervention from skin contact, eye contact, or ingestion of the product, but simply advised to call a "doctor immediately" as listed on its label.

5

28. The Defendant, SWIFT, intentionally markets their products to the everyday consumer, promoting "DIY", and provides detailed "how-to" blogs on its website to instruct its large demographic regarding the multiple uses of the Subject Product.[1]

29. The Defendants knew or should have known that its target consumer has no specialized training in handling chemicals and would be relying wholly on the labeling and the sales associates knowledge when purchasing the Subject Product.

30. The Defendants knew or should have known that the Subject Product could come into contact with or be inhaled by the user of the product, even if the user properly used the Subject Product as intended, in accordance with their instructions, and/or as would have been reasonably foreseeable to the Defendants.

### *PLAINTIFF JOSEPH IACOVACCI*

31. At all times material hereto, the Defendants, SWIFT and HOLCIM manufactured, distributed and/or supplied the Subject Product to the Defendant, HOME DEPOT, to their store located at 450 Hackensack Avenue, Hackensack in Bergin County, New Jersey (hereinafter the "subject store").

32. On July 25, 2022, Plaintiff Joseph Iacovacci presented to the subject store to purchase a 1-quart can of the Subject Product to repaint his front porch railing in his home in Bergen County, New Jersey.

33. On July 25, 2022, LEJUEN assisted Plaintiff and recommended the Subject Product and encouraged its purchase.

34. Prior to its use, Iacovacci read the label and instructions for use.

---

[1] www.flexsealproducts.com/blogs/how-to

6

35.     No label, warning, or instruction was either associated with or placed durably on the Subject Product warning against dangers of respiratory damages or injury caused by the ingredients within the product or the need for certain personal protective equipment.

36.     Upon returning to his home in Bergen County, New Jersey, Iacovacci opened the Subject Product and proceeded to use the product for approximately three hours.

37.     Over the next few days, Iacovacci experienced trouble breathing, neurological symptoms, and a high-temperature fever.

38.     Within the week, Iacovacci was hospitalized and diagnosed with chemical left-sided pneumonia.

39.     Defendants' conduct, set forth below, directly and proximately caused Iacovacci's injuries and damages.

40.     As a result of the Defendants' conduct and the Subject Product, Iacovacci suffered from severe and permanent injuries to his lungs, including but not limited to, decreased lung capacity, shortness of breath, cough, and hypoxia.

41.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has undergone intensive medical care including, but not limited to, in-patient hospitalization,  regular prescriptions and check-up care, frequent medical monitoring, and medications that will continue.

42.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci will continue to incur medical expenses for treatment rendered in the past as he undergoes future medical treatment and care as necessary to monitor, treat, and/or cure his medical conditions.

7

43.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered disfigurement, embarrassment, humiliation, and pain and suffering.

44.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered wage loss. He will continue to suffer future wage loss related to income and benefits and impairment of his earning capacity and power.

45.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has or may incur other financial losses or expenses.

46.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has and will lose enjoyment of his life, as he is hindered from attending and performing his usual daily activities, recreational and social pursuits.

WHEREFORE, Plaintiff's demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## COUNT ONE- STRICT PRODUCT LIABILITY - PRODUCTS LIABILITY

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X,  AND ABC CORPORATION I-X

47.     Plaintiff reasserts, incorporates, and adopts by reference each contention in Paragraphs 1 through 46 as if fully set forth herein.

48.     Defendants are in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying Flex Seal Liquid, such as the Subject Product that was used by Joseph Iacovacci, that caused him serious, disabling, and permanent injuries.

49.    At all relevant times, Defendants designed, manufactured, distributed, marketed, sold, assembled, placed warnings on and/or placed the Subject Product into the stream of commerce and did design, manufacture, distribute, market, sell, assemble, and/or place the Subject Product into the stream of commerce.

50.    One or more Defendants designed, assembled, manufactured, distributed, sold, supplied, maintained, placed warnings on, and/or modified the Subject Product and its warnings and instructions.

51.    The Subject Product and its warnings and instructions were expected to reach users such as Iacovacci and did, in fact, reach him without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased, and/or supplied.

52.    At all relevant times hereto, the Subject Product was used and employed for the purpose for which it was designed and manufactured and/or was used in a reasonably foreseeable manner.

53.    Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors, and employees, breached N.J.S.A. 2A: 58C-2, *et seq.* by designing, manufacturing, distributing, and selling the Subject Product, designed in a defective manner and without adequate warnings and instructions as follows:

> a.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unreasonably dangerous for their target consumer;
>
> b.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unsafe and defective;
>
> c.    designing, manufacturing, equipping, distributing, leasing, selling, and/or supplying the Subject Product despite being unsafe for all of their intended and foreseeable purposes and uses;

9

d.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a defective condition;

e.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a condition that deviated from its own design specifications, formulae, or performance standards;

f.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking all necessary safety features to protect users of said Products;

g.   failing to design, manufacture, and/or equip the Subject Product to reduce or eliminate exposure and/or danger of exposure to the end user;

h.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking adequate safeguards;

i.   designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product despite its lack of adequate, necessary, and/or proper warnings;

j.   designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product, even though it posed an unreasonably dangerous risk from the exposure that was reasonably foreseeable to occur to consumers of the Subject Product;

k.   designing, manufacturing, assembling, distributing, leasing, selling and/or supplying the Subject Product that could be designed more safely;

l.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate, necessary and/or proper instructions;

m.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided concerning the danger presented by the Product;

n.   failing to warn about the risk of respiratory damage and injury resulting from exposure to the Subject Product;

10

o.   failing to take reasonable steps to ensure that product warnings were conveyed to and reached the consumer of the Subject Product.

p.   misrepresenting to consumers that the Subject Product was safe for intended use;

q.   misrepresenting to consumers that the Subject Product did not pose a significant risk to breathing and lung function;

r.   failing to warn consumers of its Subject Product that exposure by consumers poses a risk of respiratory injury and/or damage;

s.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that communicated adequate warning, instruction, and information on the dangers and safe use of the Subject Product;

t.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that take into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used;

u.   failing to provide instructions to users of this product regarding the use of the Subject Product;

v.   failing to provide users of this product with warnings, instructions and/or training regarding the proper use of the Subject Product;

w.   failing to know or discover that the Subject Product was not safe for exposure;

x.   failing to know or discover that the Subject Product posed a significant risk to breathing and lung function;

y.   failing to know or discover that the Subject Product posed an unreasonable risk of exposure, despite proper or foreseeable uses of the Subject Product;

z.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that was unreasonably dangerous for use by end users, including Plaintiff;

aa.   designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that

11

Defendants knew or should have known was unreasonably dangerous for use by end users, including Plaintiff;

bb.    failing to warn against exposure, despite their knowledge that everyday consumers like Plaintiff may be exposed to the Subject Product;

cc.    failing to warn end users of the Subject Product, including Plaintiff, that exposure to the Subject Product was dangerous, despite their knowledge that everyday consumers like Plaintiff would not be aware of the danger posed by the Subject Product;

dd.    failing to adequately warn end users of the Subject Product, including Plaintiff, to take adequate safeguards against respiratory exposure to the Subject Product;

ee.    failing to adequately warn end users of the Subject Product, including Plaintiff,  of the need to ensure that the Subject Product was only used with adequate ventilation;

ff.     failing to adequately warn end users of the Subject Product, including Plaintiff,  about the danger of the Subject Product, including respiratory injury;

gg.    failing to adequately warn end users to use proper personal protective equipment during use of the Subject Product;

hh.    failing to adequately instruct end users on the dangers of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

ii.    failing to adequately instruct end users on the safe use of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

jj.    failing to ensure the Subject Product did not pose a threat the health and safety of end users of the Subject Product;

kk.    violating applicable federal, state, local and/or industry standards;

ll.    negligence at law;

12

mm.  failing to exercise reasonable care under all the circumstances, including the in design, manufacture, sale and distribution of the Subject Product and its associated warnings and instructions;

nn.  being otherwise negligent, careless, grossly negligent, reckless, and strictly liable as may appear from facts that may be determined during discovery or trial.

54.  As a direct and proximate result of the defective, dangerous, and unsafe condition and/or design and/or manufacture of the Subject Product, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering, set forth, without limitation above.

55.  As a direct and proximate result of the Subject Product's inadequate warnings and instructions, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering.

56.  The damages and injury at issue, set forth above, were caused by the defects of the Subject Product.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**SECOND COUNT- BREACH OF EXPRESS WARRANTY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X, AND ABC CORPORATION I-X**

57.  Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 56 as if fully set forth herein.

13

58.    At all relevant times, Defendants expressly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use.

59.    The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

60.    At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted expressly that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

61.    Defendants breached the aforesaid express warranties, by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

62.    As a direct and proximate result of the breaches of warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiff demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**THIRD COUNT- BREACH OF IMPLIED WARRANTY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ,  JOHN DOES I-X, ABC CORPORATION I-X**

14

63. Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 62 as if fully set forth herein.

64. At all relevant times, Defendants impliedly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use. \

65. The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

66. At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted, impliedly, that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

67. Defendants breached the aforesaid impliedly warranties by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

68. As a direct and proximate result of the breaches of implied warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

15

## FOURTH COUNT – LOSS OF CONSORTIUM

### CAROL SAIEVA v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT STORES, LEJUEZ, JOHN DOES I-X, ABC CORPORATION I-X

69.    Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 68 as if fully set forth herein.

70.    At all relevant times, Carol Saieva was Joseph Iacovacci's wife.

71.    As a direct and proximate result of Defendants' conduct and Products, as set forth above, Carol Saieva, wife of Plaintiff Joseph Iacovacci, has suffered consequential damages, been deprived of her husband's full society, care, comfort, and companionship, and has otherwise suffered loss of consortium.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**GRANT & EISENHOFER P.A.**

BY:    */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 12, 2024

### JURY DEMAND

A trial by jury is hereby demanded.

**GRANT & EISENHOFER P.A.**

BY:    */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date:  July 12, 2024

16

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Elizabeth A. Bailey,

Esquire is hereby designated as Trial Counsel.

**GRANT & EISENHOFER P.A.**

BY:  */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date:  July 12, 2024

## DEMAND FOR DISCOVERY PURSUANT TO N.J.R.C.P. 17-2

Plaintiff hereby demands that defendants respond to Form C and C(4) Interrogatories within the time provided under the New Jersey Rules of Civil Procedure.

**GRANT & EISENHOFER P.A.**

BY:   */s/ Elizabeth A. Bailey*
      ELIZABETH A. BAILEY ESQ.
      *Attorneys for Plaintiffs*

Date: July 12, 2024

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable liability policies including any excess or umbrella policies with declaration sheets as well as the requisite Certifications regarding the same pursuant to R. 4:18-1(c) within thirty (30) days of the service of this Complaint.

**GRANT & EISENHOFER P.A.**

BY:     */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 12, 2024

19

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that pursuant to Rule 4:5-1, are currently pending in connection with this controversy in which the following parties are named: JOSEPH IACOVACCI, CAROL SAIEVA, SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, and. ABC CORPORATIONS I-X. I further certify that there is no arbitration proceeding pending or contemplated. Finally, I certify that there are no other parties, to the best of my knowledge, which should be joined.

**GRANT & EISENHOFER P.A.**

BY:   ***/s/ Elizabeth A. Bailey***
ELIZABETH A. BAILEY ESQ.
*Attorneys for Plaintiffs*

Date: July 12, 2024

# EXHIBIT B



**From:** **Christen McCullough** cem@pg-lawoffice.com
**Subject:** RE: Iacovacci v Home Depot
**Date:** October 4, 2024 at 1:03 PM
**To:** Elizabeth Bailey ebailey@gelaw.com, Bria Burton bburton@gelaw.com
**Cc:** Jennifer Dinetz jdinetz@clarkfountain.com, Shana Nogues SNogues@clarkfountain.com, Simone Knox sk@pg-lawoffice.com

Hi Elizabeth,

I spoke with Home Depot and they requested I ask that you amend the Complaint to name Home Depot USA, Inc. as the defendant in place of Home Depot, Inc. as Home Depot USA, Inc. is the entity which operates HD retail stores. Home Depot, Inc. is a stock holding company. Once that is completed, I can accept service for Home Depot.

Thanks and feel free to reach out with any questions.

Christen


Christen E. McCullough
Parsky & Galloway, LLC
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ 07928
Main: (973) 520-4340
Fax: (973) 520-4329
Direct: (973) 520-4336
Email: cem@pg-lawoffice.com

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

-----Original Message-----
From: Elizabeth Bailey <ebailey@gelaw.com>
Sent: Wednesday, October 2, 2024 9:46 AM
To: Christen McCullough <cem@pg-lawoffice.com>; Bria Burton <bburton@gelaw.com>
Cc: Jennifer Dinetz <jdinetz@clarkfountain.com>; Shana Nogues <SNogues@clarkfountain.com>
Subject: Re: Iacovacci v Home Depot

Hi Christen-
Nice speaking with you.

Bria, can you please send Christen a copy of the package we sent out for service to Home Depot in this matter.

Christen, as I mentioned, for whatever reason we have not received a green card back on this. Please, let me know if you can accept service for your client. I've also cc'd my co counsel Jennifer and Shana from Clark Fountain who will be handling much of the merits on this case.

Looking forward to working with you on this.


From: Christen McCullough <cem@pg-lawoffice.com>
Date: Wednesday, October 2, 2024 at 9:28 AM
To: Elizabeth Bailey <ebailey@gelaw.com>
Subject: Iacovacci v Home Depot
Hi Elizabeth- I tried to call you this morning but the voicemail box was generic so I wasn't sure if the message would make it to you. I will be representing Home Depot and the employee in this case. Can you give me a call when you have a chance? There are a couple of things I would like to discuss.

Thanks,

Christen

[cid:image001.jpg@01DB14AD.734B8B30]
Christen E. McCullough
Parsky & Galloway, LLC
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ 07928
Main: (973) 520-4340
Fax: (973) 520-4329
Direct: (973) 520-4336
Email: cem@pg-lawoffice.com<mailto:cem@pg-lawoffice.com>

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

# EXHIBIT C

**GRANT & EISENHOFER, P.A.**
Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
302-622-7000
ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>    *Plaintiffs*,<br>v.<br><br>SWIFT RESPONSE, LLC<br>2690 Weston Road, Suite 200<br>Weston, FL 33331<br><br>AND<br><br>HOLCIM SOLUTIONS & PRODUCTS US,<br>LLC<br>26 Century Blvd.<br>Suite 305<br>Nashville, TN 37214<br><br>AND<br><br>THE HOME DEPOT, INC.<br>2727 Paces Ferry Road<br>Atlanta, GA 30339<br><br>AND<br><br>HOME DEPOT U.S.A., INC.<br>2455 Paces Ferry Road,<br>Atlanta, Ga, 30339-4024,<br><br>AND<br><br>CHRIS LEJUEZ<br>84 E. 1st St.<br>Clifton, NJ 07011 | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br><br>DOCKET NO. BER-L-004100-24<br><br>CIVIL ACTION<br><br><br><br>JURY TRIAL DEMANDED<br><br><br>**AMENDED COMPLAINT** |

1

|  |  |
|---|---|
| AND<br><br>John Does I-X,<br><br>AND<br><br>ABC Corporations II-X,<br><br>*Defendants*. |  |

## CIVIL ACTION - AMENDED COMPLAINT

Plaintiffs Joseph Iacovacci and Carol Saieva, by and through their attorneys, Grant & Eisenhofer, P.A., state the following by way of their Amended Complaint:

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, and CHRIS LEJUEZ

1.      Plaintiff Joseph Iacovacci is an adult citizen of the State of New Jersey who resides at the above-captioned address.

2.      Plaintiff Carol Saieva is an adult citizen of the State of New Jersey who resides at the above-captioned address.

3.      At all times material hereto, Plaintiffs Joseph Iacovacci and Carol Saieva were legally married and living together as husband and wife.

4.      Defendant Swift Response, LLC ("SWIFT") is a Florida corporation. Its principal place of business is located at the above-captioned address.

5.      Upon information and belief, SWIFT is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling, and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

6.      Defendant HOLCIM SOLUTIONS & PRODUCTS US, LLC ("HOLCIM") is an Indiana corporation whose principal place of business is 250 West 96th Street, Indi IN 46260.

2

7.      Upon information and belief, HOLCIM is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

8.      Defendant HOME DEPOT STORES  is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

9.      Defendant HOME DEPOT U.S.A., INC. is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

10.     Defendant THE HOME DEPOT INC. and HOME DEPOT U.S.A., Inc. shall be collectively referred to as "HOME DEPOT" throughout.

11.     Upon information and belief, HOME DEPOT is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

12.     Defendant CHRIS LEJUEZ ("LEJUEZ") is a resident of the State of New Jersey.

13.     LEJUEZ is the manager of the HOME DEPOT store located at 450 Hackensack Avenue, Hackensack, NJ. Upon information and belief, LEJUEZ is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

14.     Defendants John Does I-X are individuals who have not yet been identified and are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed who have not yet been identified.

15.     Defendants ABC Corporations II-X are entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex

3

Seal" products and/or its subcomponents to which Plaintiff was exposed, who have not yet been identified.

16.     Defendants SWIFT, HOLCIM, HOME DEPOT, LEJUEZ, John Does I-X, and ABC Corporations II-X shall be collectively referred to as "Defendants" throughout.

## *JURISDICTION AND VENUE*

17.     The Court has jurisdiction over this matter because the Plaintiff is a citizen and resident of Bergen County, New Jersey; the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey; the subject product was purchased in Bergen County, New Jersey; one or more Defendants are citizens of New Jersey,  and the Defendants were actually doing business in Bergen County, New Jersey, by virtue of their respective designing, assembling, manufacturing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in Bergen County, New Jersey.

18.     Jurisdiction is appropriate as the subject product was heavily advertised in the state of New Jersey, the subject product sold within the state of New Jersey, and the Defendants engaged in regular and systematic business in Bergen County, New Jersey.

19.     Pursuant to NJ Ct. R. 4:3-2(a) and (b), venue is proper in Bergen County, New Jersey, because the Plaintiff was a citizen and resident of Bergen County, New Jersey, the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey, the subject product was shipped, delivered, advertised and sold in Bergen County, New Jersey, and all Defendants were actually doing business in Bergen County.

## *BACKGROUND – FLEX SEAL*

20.     Flex Seal Liquid is produced in a liquidized rubber coating that can be brushed, rolled, or poured onto multiple surfaces to seal, patch holes, and block out moisture and air.

21.     Because Flex Seal Liquid can be poured onto a surface, the toxins within the product can come in contact with or be inhaled by the product's user, even if they properly dispense the product in an intended and/or reasonably foreseeable manner to the manufacturer.

22.     SWIFT has been manufacturing and selling Flex Seal for at least 13 years.

23.     SWIFT specializes in producing thick rubberized liquid sealant and adhesive that can be applied to several different surfaces for multiple uses.  They produced, manufactured, and distributed Flex Seal Liquid Rubber Sealant Coating bearing ID number LFSWHTR32 and serial number W22DO218 (hereinafter referred to as the "Subject Product").

24.     The Subject Product contains a combination of solvent ingredients, such as toluene, xylene and methyl ethyl ketone, isocyanates, volatile organic compounds and silica dust which create the rubberized sealant material.

25.     Several of the ingredients contained within the Subject Product carry a risk of central nervous system effects and respiratory damage, including, but not limited pneumonia, shortness of breath, and other adverse respiratory consequences.

26.     Despite the hazardous components of its ingredients, the Subject Product's label advertises it as non-toxic, non-hazardous, and chemical resistant.

27.     Most notably, the Subject Product contained no warnings or instructions about risk to the respiratory system from inhalation or exposure or the need for personal protective equipment.

28.     The Subject Product contained no warnings or instructions about either the short-term or long-term health effects of neurological damage and respiratory problems.

5

29.     The Defendants recognized that the Subject Product can cause the need for medical intervention from skin contact, eye contact, or ingestion of the product, but simply advised to call a "doctor immediately" as listed on its label.

30.     The Defendant, SWIFT, intentionally markets their products to the everyday consumer, promoting "DIY", and provides detailed "how-to" blogs on its website to instruct its large demographic regarding the multiple uses of the Subject Product.[1]

31.     The Defendants knew or should have known that its target consumer has no specialized training in handling chemicals and would be relying wholly on the labeling and the sales associates knowledge when purchasing the Subject Product.

32.     The Defendants knew or should have known that the Subject Product could come into contact with or be inhaled by the user of the product, even if the user properly used the Subject Product as intended, in accordance with their instructions, and/or as would have been reasonably foreseeable to the Defendants.

### *PLAINTIFF JOSEPH IACOVACCI*

33.     At all times material hereto, the Defendants, SWIFT and HOLCIM  manufactured, distributed and/or supplied the Subject Product to the Defendant, HOME DEPOT, to their store located at 450 Hackensack Avenue, Hackensack in Bergin County, New Jersey (hereinafter the "subject store").

34.     On July 25, 2022, Plaintiff Joseph Iacovacci presented to the subject store to purchase a 1-quart can of the Subject Product to repaint his front porch railing in his home in Bergen County, New Jersey.

---

[1] www.flexsealproducts.com/blogs/how-to

6

35.     On July 25, 2022, LEJUEN assisted Plaintiff and recommended the Subject Product and encouraged its purchase.

36.     Prior to its use, Iacovacci read the label and instructions for use.

37.     No label, warning, or instruction was either associated with or placed durably on the Subject Product warning against dangers of respiratory damages or injury caused by the ingredients within the product or the need for certain personal protective equipment.

38.     Upon returning to his home in Bergen County, New Jersey, Iacovacci opened the Subject Product and proceeded to use the product for approximately three hours.

39.     Over the next few days, Iacovacci experienced trouble breathing, neurological symptoms, and a high-temperature fever.

40.     Within the week, Iacovacci was hospitalized and diagnosed with chemical left-sided pneumonia.

41.     Defendants' conduct, set forth below, directly and proximately caused Iacovacci's injuries and damages.

42.     As a result of the Defendants' conduct and the Subject Product, Iacovacci suffered from severe and permanent injuries to his lungs, including but not limited to, decreased lung capacity, shortness of breath, cough, and hypoxia.

43.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has undergone intensive medical care including, but not limited to, in-patient hospitalization,  regular prescriptions and check-up care, frequent medical monitoring, and medications that will continue.

44.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci will continue to incur medical expenses for treatment rendered in the past as he

undergoes future medical treatment and care as necessary to monitor, treat, and/or cure his medical conditions.

45.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered disfigurement, embarrassment, humiliation, and pain and suffering.

46.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered wage loss. He will continue to suffer future wage loss related to income and benefits and impairment of his earning capacity and power.

47.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has or may incur other financial losses or expenses.

48.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has and will lose enjoyment of his life, as he is hindered from attending and performing his usual daily activities, recreational and social pursuits.

WHEREFORE, Plaintiff's demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**COUNT ONE- STRICT PRODUCT LIABILITY - PRODUCTS LIABILITY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ,  JOHN DOES I-X,  AND ABC CORPORATION II-X**

49.     Plaintiff reasserts, incorporates, and adopts by reference each contention in Paragraphs 1 through 46 as if fully set forth herein.

50.     Defendants are in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying Flex Seal

8

Liquid, such as the Subject Product that was used by Joseph Iacovacci, that caused him serious, disabling, and permanent injuries.

51.     At all relevant times, Defendants designed, manufactured, distributed, marketed, sold, assembled, placed warnings on and/or placed the Subject Product into the stream of commerce and did design, manufacture, distribute, market, sell, assemble, and/or place the Subject Product into the stream of commerce.

52.     One or more Defendants designed, assembled, manufactured, distributed, sold, supplied, maintained, placed warnings on, and/or modified the Subject Product and its warnings and instructions.

53.     The Subject Product and its warnings and instructions were expected to reach users such as Iacovacci and did, in fact, reach him without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased, and/or supplied.

54.     At all relevant times hereto, the Subject Product was used and employed for the purpose for which it was designed and manufactured and/or was used in a reasonably foreseeable manner.

55.     Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors, and employees, breached N.J.S.A. 2A: 58C-2, *et seq*. by designing, manufacturing, distributing, and selling the Subject Product, designed in a defective manner and without adequate warnings and instructions as follows:

      a.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unreasonably dangerous for their target consumer;

      b.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unsafe and defective;

c.  designing, manufacturing, equipping, distributing, leasing, selling, and/or supplying the Subject Product despite being unsafe for all of their intended and foreseeable purposes and uses;

d.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a defective condition;

e.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a condition that deviated from its own design specifications, formulae, or performance standards;

f.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking all necessary safety features to protect users of said Products;

g.  failing to design, manufacture, and/or equip the Subject Product to reduce or eliminate exposure and/or danger of exposure to the end user;

h.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking adequate safeguards;

i.  designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product despite its lack of adequate, necessary, and/or proper warnings;

j.  designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product, even though it posed an unreasonably dangerous risk from the exposure that was reasonably foreseeable to occur to consumers of the Subject Product;

k.  designing, manufacturing, assembling, distributing, leasing, selling and/or supplying the Subject Product that could be designed more safely;

l.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate, necessary and/or proper instructions;

m.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided concerning the danger presented by the Product;

10

n.    failing to warn about the risk of respiratory damage and injury resulting from exposure to the Subject Product;

o.    failing to take reasonable steps to ensure that product warnings were conveyed to and reached the consumer of the Subject Product.

p.    misrepresenting to consumers that the Subject Product was safe for intended use;

q.    misrepresenting to consumers that the Subject Product did not pose a significant risk to breathing and lung function;

r.    failing to warn consumers of its Subject Product that exposure by consumers poses a risk of respiratory injury and/or damage;

s.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that communicated adequate warning, instruction, and information on the dangers and safe use of the Subject Product;

t.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that take into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used;

u.    failing to provide instructions to users of this product regarding the use of the Subject Product;

v.    failing to provide users of this product with warnings, instructions and/or training regarding the proper use of the Subject Product;

w.    failing to know or discover that the Subject Product was not safe for exposure;

x.    failing to know or discover that the Subject Product posed a significant risk to breathing and lung function;

y.    failing to know or discover that the Subject Product posed an unreasonable risk of exposure, despite proper or foreseeable uses of the Subject Product;

z.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that

11

was unreasonably dangerous for use by end users, including Plaintiff;

aa.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that Defendants knew or should have known was unreasonably dangerous for use by end users, including Plaintiff;

bb.    failing to warn against exposure, despite their knowledge that everyday consumers like Plaintiff may be exposed to the Subject Product;

cc.    failing to warn end users of the Subject Product, including Plaintiff, that exposure to the Subject Product was dangerous, despite their knowledge that everyday consumers like Plaintiff would not be aware of the danger posed by the Subject Product;

dd.    failing to adequately warn end users of the Subject Product, including Plaintiff, to take adequate safeguards against respiratory exposure to the Subject Product;

ee.    failing to adequately warn end users of the Subject Product, including Plaintiff, of the need to ensure that the Subject Product was only used with adequate ventilation;

ff.     failing to adequately warn end users of the Subject Product, including Plaintiff, about the danger of the Subject Product, including respiratory injury;

gg.    failing to adequately warn end users to use proper personal protective equipment during use of the Subject Product;

hh.    failing to adequately instruct end users on the dangers of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

ii.     failing to adequately instruct end users on the safe use of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

jj.     failing to ensure the Subject Product did not pose a threat the health and safety of end users of the Subject Product;

12

kk.  violating applicable federal, state, local and/or industry standards;

ll.  negligence at law;

mm.  failing to exercise reasonable care under all the circumstances, including the in design, manufacture, sale and distribution of the Subject Product and its associated warnings and instructions;

nn.  being otherwise negligent, careless, grossly negligent, reckless, and strictly liable as may appear from facts that may be determined during discovery or trial.

56.  As a direct and proximate result of the defective, dangerous, and unsafe condition and/or design and/or manufacture of the Subject Product, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering, set forth, without limitation above.

57.  As a direct and proximate result of the Subject Product's inadequate warnings and instructions, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering.

58.  The damages and injury at issue, set forth above, were caused by the defects of the Subject Product.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## SECOND COUNT- BREACH OF EXPRESS WARRANTY

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ,  JOHN DOES I-X, AND ABC CORPORATION II-X

59.  Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 56 as if fully set forth herein.

13

60.     At all relevant times, Defendants expressly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use.

61.     The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

62.     At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted expressly that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

63.     Defendants breached the aforesaid express warranties, by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

64.     As a direct and proximate result of the breaches of warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiff demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**THIRD COUNT- BREACH OF IMPLIED WARRANTY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT,  LEJUEZ,  JOHN DOES I-X, ABC CORPORATION II-X**

14

65.     Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 62 as if fully set forth herein.

66.     At all relevant times, Defendants impliedly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use. \

67.     The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

68.     At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted, impliedly, that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

69.     Defendants breached the aforesaid impliedly warranties by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

70.     As a direct and proximate result of the breaches of implied warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**FOURTH COUNT – LOSS OF CONSORTIUM**

**CAROL SAIEVA v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ,  JOHN DOES I-X, ABC CORPORATION II-X**

15

71.     Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 68 as if fully set forth herein.

72.     At all relevant times, Carol Saieva was Joseph Iacovacci's wife.

73.     As a direct and proximate result of Defendants' conduct and Products, as set forth above, Carol Saieva, wife of Plaintiff Joseph Iacovacci, has suffered consequential damages, been deprived of her husband's full society, care, comfort, and companionship, and has otherwise suffered loss of consortium.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

GRANT & EISENHOFER, P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
Attorneys for Plaintiffs

Date: October 15, 2024

## JURY DEMAND

A trial by jury is hereby demanded.

GRANT & EISENHOFER, P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.

Attorneys for Plaintiffs

Date:  October 15, 2024

16

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Elizabeth A. Bailey,

Esquire is hereby designated as Trial Counsel.

GRANT & EISENHOFER, P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY EDQ.
Attorneys for Plaintiffs

Date:  October 15, 2024

17

## DEMAND FOR DISCOVERY PURSUANT TO N.J.R.C.P. 17-2

Plaintiff hereby demands that defendants respond to Form C and C(4) Interrogatories within the time provided under the New Jersey Rules of Civil Procedure.

GRANT & EISENHOFER, P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY EDQ.
Attorneys for Plaintiffs

Date: October 15, 2024

18

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable liability policies including any excess or umbrella policies with declaration sheets as well as the requisite Certifications regarding the same pursuant to R. 4:18-1(c) within thirty (30) days of the service of this Amended Complaint.

GRANT & EISENHOFER, P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
Attorneys for Plaintiffs

Date: October 15, 2024

19

## CERTIFICATION OF COUNSEL

I hereby certify that pursuant to Rule 4:5-1, are currently pending in connection with this controversy in which the following parties are named: JOSEPH IACOVACCI, CAROL SAIEVA, SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, and. ABC CORPORATIONS I-X. I further certify that there is no arbitration proceeding pending or contemplated. Finally, I certify that there are no other parties, to the best of my knowledge, which should be joined.

GRANT & EISENHOFER, P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY EDQ.
Attorneys for Plaintiffs

Date: October 15, 2024

20

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | JOSEPH IACOVACCI, CAROL SAIEVA |
| Defendant Name: | SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & P RODUCTS, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, ABC CORPORATIONS I-X |
| Case Caption: | IACOVACCI JOSEPH  VS SWIFT RESPONSE, LLC |
| Case Number: | BER L 004100-24 |
| Docket Text: | The motion filed on 10/15/2024 will be decided on 11/08/2024. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO FILE OR AMEND COMPLAINT LCV20242649395 |
| Transaction ID: | LCV20242652976 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | ELIZABETH ANNE BAILEY | EBAILEY@GELAW.COM |
| | | BBURTON@GELAW.COM |
| | | VBEAL@GELAW.COM |
| Plaintiff Attorney | ELIZABETH ANNE BAILEY | EBAILEY@GELAW.COM |
| | | BBURTON@GELAW.COM |
| | | VBEAL@GELAW.COM |
| Defendant Attorney | MAX R LEWKOWSKI | NJASBESTOS@HPYLAW.COM |
| | | SSTRATIS@HPYLAW.COM |
| | | MLEWKOWSKI@HPYLAW.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | SWIFT RESPONSE, LLC | 2690 WESTON ROAD, SUITE 200, WESTON, FL 33331 |
| Defendant | THE HOME DEPOT, INC. | 2727 PACES FERRY ROAD, ATLANTA, GA 30339 |
| Defendant | CHRIS LEJUEZ | 84 E. 1ST STREET, CLIFTON, NJ 07011 |
| Defendant | JOHN DOES I-X | 00000 |
| Defendant | ABC CORPORATIONS I-X | 00000 |

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following clerk notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | JOSEPH IACOVACCI, CAROL SAIEVA |
| Defendant Name: | SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & P RODUCTS, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, ABC CORPORATIONS I-X |
| Case Caption: | IACOVACCI JOSEPH  VS SWIFT RESPONSE, LLC |
| Case Number: | BER L 004100-24 |
| Docket Text: | **CLERK NOTICE**: re: MOTION TO FILE OR AMEND COMPLAINT LCV20242649395 -Please provide a courtesy copy of the pending motion to Judge Padovano's chambers as soon as possible. Note we are in courtroom 359. |
| Transaction ID: | LCV20242654232 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | ELIZABETH ANNE BAILEY | EBAILEY@GELAW.COM |
| | | BBURTON@GELAW.COM |
| | | VBEAL@GELAW.COM |
| Plaintiff Attorney | ELIZABETH ANNE BAILEY | EBAILEY@GELAW.COM |
| | | BBURTON@GELAW.COM |
| | | VBEAL@GELAW.COM |
| Defendant Attorney | MAX R LEWKOWSKI | NJASBESTOS@HPYLAW.COM |
| | | SSTRATIS@HPYLAW.COM |
| | | MLEWKOWSKI@HPYLAW.COM |

**Notice was not electronically mailed to:**

| | | |
|---|---|---|
| Defendant | SWIFT RESPONSE, LLC | 2690 WESTON ROAD, SUITE 200, WESTON, FL 33331 |
| Defendant | THE HOME DEPOT, INC. | 2727 PACES FERRY ROAD, ATLANTA, GA 30339 |
| Defendant | CHRIS LEJUEZ | 84 E. 1ST STREET, CLIFTON, NJ 07011 |
| Defendant | JOHN DOES I-X | 00000 |
| Defendant | ABC CORPORATIONS I-X | 00000 |

Login to eCourts to view the Case Jacket. You will need a valid user ID (Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

| | |
|---|---|
| JOSEPH IACOVACCI,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>And<br><br>CAROL SAIEVA, his wife,<br>337 Harrison Street<br>Paramus, NJ 07652,<br><br>       *Plaintiffs*,<br><br>v.<br><br>SWIFT RESPONSE, LLC, et al.<br><br><br>     *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>LAW DIVISION<br><br>DOCKET NO: BER-L-004100-24<br><br>CIVIL ACTION<br><br>FILED<br><br>ORDER     NOV 08 2024<br><br>GREGG A. PADOVANO, J.S.C. |

This matter having been brought before the Court by Elizabeth A. Bailey, Esquire of the Law Firm of Grant & Eisenhofer P.A., counsel for Plaintiffs Joseph Iacovacci and Carol Saieva for an Order granting Plaintiffs' Motion for Leave to File an Amended Complaint, and the Court having reviewed the moving papers submitted, and any opposition thereto, and for good cause shown:

IT IS, on this 8th day of November, 2024, ORDERED that Plaintiffs are granted leave to file an Amended Complaint to add Defendant, Home Depot U.S.A., Inc., as Defendant and claims against it.

A copy of this order shall be served upon all counsel of record by eCourts. Movant shall serve all parties not served electronically within 7 days hereof.

BY THE COURT:

JGREGG A. PADOVANO, J.S.C.

UNOPPOSED

**GRANT & EISENHOFER P.A.**

Elizabeth A. Bailey, Esq.
New Jersey Attorney ID No.: 079972013
123 S. Justison Street, 7th Floor
Wilmington, DE 19801
302-622-7000
ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| JOSEPH IACOVACCI, <br> 337 Harrison Street <br> Paramus, NJ 07652, <br><br> And <br><br> CAROL SAIEVA, his wife, <br> 337 Harrison Street <br> Paramus, NJ 07652, <br><br>    *Plaintiffs*, <br> v. <br><br> SWIFT RESPONSE, LLC <br> 2690 Weston Road, Suite 200 <br> Weston, FL 33331 <br><br> AND <br><br> HOLCIM SOLUTIONS & PRODUCTS US, LLC <br> 26 Century Blvd. <br> Suite 305 <br> Nashville, TN 37214 <br><br> AND <br><br> THE HOME DEPOT, INC. <br> 2727 Paces Ferry Road <br> Atlanta, GA 30339 <br><br> AND <br><br> HOME DEPOT U.S.A., INC. <br> 2455 Paces Ferry Road, <br> Atlanta, Ga, 30339-4024, <br><br> AND <br><br> CHRIS LEJUEZ <br> 84 E. 1st St. <br> Clifton, NJ 07011 | SUPERIOR COURT OF NEW JERSEY <br> BERGEN COUNTY <br> LAW DIVISION <br><br><br> DOCKET NO. BER-L-004100-24 <br><br> CIVIL ACTION <br><br><br><br> JURY TRIAL DEMANDED <br><br><br> **AMENDED COMPLAINT** |

|  |  |
|---|---|
| AND | |
| John Does I-X, | |
| AND | |
| ABC Corporations II-X, | |
| *Defendants*. | |

## CIVIL ACTION - AMENDED COMPLAINT

Plaintiffs Joseph Iacovacci and Carol Saieva, by and through their attorneys, Grant & Eisenhofer, P.A., state the following by way of their Amended Complaint:

## JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, and CHRIS LEJUEZ

1. Plaintiff Joseph Iacovacci is an adult citizen of the State of New Jersey who resides at the above-captioned address.

2. Plaintiff Carol Saieva is an adult citizen of the State of New Jersey who resides at the above-captioned address.

3. At all times material hereto, Plaintiffs Joseph Iacovacci and Carol Saieva were legally married and living together as husband and wife.

4. Defendant Swift Response, LLC ("SWIFT") is a Florida corporation. Its principal place of business is located at the above-captioned address.

5. Upon information and belief, SWIFT is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling, and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

6. Defendant HOLCIM SOLUTIONS & PRODUCTS US, LLC ("HOLCIM") is an Indiana corporation whose principal place of business is 250 West 96th Street, Indi IN 46260.

2

7.     Upon information and belief, HOLCIM is in the business of designing, assembling, manufacturing, distributing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

8.     Defendant HOME DEPOT STORES  is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

9.     Defendant HOME DEPOT U.S.A., INC. is a Georgia corporation. Its principal place of business is located in Cobb County, Georgia.

10.     Defendant THE HOME DEPOT INC. and HOME DEPOT U.S.A., Inc. shall be collectively referred to as "HOME DEPOT" throughout.

11.     Upon information and belief, HOME DEPOT is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

12.     Defendant CHRIS LEJUEZ ("LEJUEZ") is a resident of the State of New Jersey.

13.     LEJUEZ is the manager of the HOME DEPOT store located at 450 Hackensack Avenue, Hackensack, NJ. Upon information and belief, LEJUEZ is in the business of distributing, shipping, promoting, selling and/or placing into the stream of commerce the product "Flex Seal" in New Jersey.

14.     Defendants John Does I-X are individuals who have not yet been identified and are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex Seal" products and/or its subcomponents to which Plaintiff was exposed who have not yet been identified.

15.     Defendants ABC Corporations II-X are entities that are liable and responsible for Plaintiffs' damages through the manufacture, design, sale, and/or distribution of the product "Flex

3

Seal" products and/or its subcomponents to which Plaintiff was exposed, who have not yet been identified.

16.    Defendants SWIFT, HOLCIM, HOME DEPOT, LEJUEZ, John Does I-X, and ABC Corporations II-X shall be collectively referred to as "Defendants" throughout.

## *JURISDICTION AND VENUE*

17.    The Court has jurisdiction over this matter because the Plaintiff is a citizen and resident of Bergen County, New Jersey; the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey; the subject product was purchased in Bergen County, New Jersey; one or more Defendants are citizens of New Jersey,  and the Defendants were actually doing business in Bergen County, New Jersey, by virtue of their respective designing, assembling, manufacturing, shipping, promoting, advertising, selling and/or placing into the stream of commerce the product "Flex Seal" in Bergen County, New Jersey.

18.    Jurisdiction is appropriate as the subject product was heavily advertised in the state of New Jersey, the subject product sold within the state of New Jersey, and the Defendants engaged in regular and systematic business in Bergen County, New Jersey.

19.    Pursuant to NJ Ct. R. 4:3-2(a) and (b), venue is proper in Bergen County, New Jersey, because the Plaintiff was a citizen and resident of Bergen County, New Jersey, the incident that is the subject of this lawsuit occurred in Bergen County, New Jersey, the subject product was shipped, delivered, advertised and sold in Bergen County, New Jersey, and all Defendants were actually doing business in Bergen County.

## *BACKGROUND – FLEX SEAL*

20.    Flex Seal Liquid is produced in a liquidized rubber coating that can be brushed, rolled, or poured onto multiple surfaces to seal, patch holes, and block out moisture and air.

4

21.     Because Flex Seal Liquid can be poured onto a surface, the toxins within the product can come in contact with or be inhaled by the product's user, even if they properly dispense the product in an intended and/or reasonably foreseeable manner to the manufacturer.

22.     SWIFT has been manufacturing and selling Flex Seal for at least 13 years.

23.     SWIFT specializes in producing thick rubberized liquid sealant and adhesive that can be applied to several different surfaces for multiple uses.  They produced, manufactured, and distributed Flex Seal Liquid Rubber Sealant Coating bearing ID number LFSWHTR32 and serial number W22DO218 (hereinafter referred to as the "Subject Product").

24.     The Subject Product contains a combination of solvent ingredients, such as toluene, xylene and methyl ethyl ketone, isocyanates, volatile organic compounds and silica dust which create the rubberized sealant material.

25.     Several of the ingredients contained within the Subject Product carry a risk of central nervous system effects and respiratory damage, including, but not limited pneumonia, shortness of breath, and other adverse respiratory consequences.

26.     Despite the hazardous components of its ingredients, the Subject Product's label advertises it as non-toxic, non-hazardous, and chemical resistant.

27.     Most notably, the Subject Product contained no warnings or instructions about risk to the respiratory system from inhalation or exposure or the need for personal protective equipment.

28.     The Subject Product contained no warnings or instructions about either the short-term or long-term health effects of neurological damage and respiratory problems.

5

29. The Defendants recognized that the Subject Product can cause the need for medical intervention from skin contact, eye contact, or ingestion of the product, but simply advised to call a "doctor immediately" as listed on its label.

30. The Defendant, SWIFT, intentionally markets their products to the everyday consumer, promoting "DIY", and provides detailed "how-to" blogs on its website to instruct its large demographic regarding the multiple uses of the Subject Product.[1]

31. The Defendants knew or should have known that its target consumer has no specialized training in handling chemicals and would be relying wholly on the labeling and the sales associates knowledge when purchasing the Subject Product.

32. The Defendants knew or should have known that the Subject Product could come into contact with or be inhaled by the user of the product, even if the user properly used the Subject Product as intended, in accordance with their instructions, and/or as would have been reasonably foreseeable to the Defendants.

### *PLAINTIFF JOSEPH IACOVACCI*

33. At all times material hereto, the Defendants, SWIFT and HOLCIM  manufactured, distributed and/or supplied the Subject Product to the Defendant, HOME DEPOT, to their store located at 450 Hackensack Avenue, Hackensack in Bergin County, New Jersey (hereinafter the "subject store").

34. On July 25, 2022, Plaintiff Joseph Iacovacci presented to the subject store to purchase a 1-quart can of the Subject Product to repaint his front porch railing in his home in Bergen County, New Jersey.

---

[1] www.flexsealproducts.com/blogs/how-to

35.     On July 25, 2022, LEJUEN assisted Plaintiff and recommended the Subject Product and encouraged its purchase.

36.     Prior to its use, Iacovacci read the label and instructions for use.

37.     No label, warning, or instruction was either associated with or placed durably on the Subject Product warning against dangers of respiratory damages or injury caused by the ingredients within the product or the need for certain personal protective equipment.

38.     Upon returning to his home in Bergen County, New Jersey, Iacovacci opened the Subject Product and proceeded to use the product for approximately three hours.

39.     Over the next few days, Iacovacci experienced trouble breathing, neurological symptoms, and a high-temperature fever.

40.     Within the week, Iacovacci was hospitalized and diagnosed with chemical left-sided pneumonia.

41.     Defendants' conduct, set forth below, directly and proximately caused Iacovacci's injuries and damages.

42.     As a result of the Defendants' conduct and the Subject Product, Iacovacci suffered from severe and permanent injuries to his lungs, including but not limited to, decreased lung capacity, shortness of breath, cough, and hypoxia.

43.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has undergone intensive medical care including, but not limited to, in-patient hospitalization,  regular prescriptions and check-up care, frequent medical monitoring, and medications that will continue.

44.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci will continue to incur medical expenses for treatment rendered in the past as he

7

undergoes future medical treatment and care as necessary to monitor, treat, and/or cure his medical conditions.

45.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered disfigurement, embarrassment, humiliation, and pain and suffering.

46.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has suffered wage loss. He will continue to suffer future wage loss related to income and benefits and impairment of his earning capacity and power.

47.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has or may incur other financial losses or expenses.

48.     As a direct and proximate result of the Defendants' conduct and Subject Product, Iacovacci has and will lose enjoyment of his life, as he is hindered from attending and performing his usual daily activities, recreational and social pursuits.

WHEREFORE, Plaintiff's demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

**COUNT ONE- STRICT PRODUCT LIABILITY - PRODUCTS LIABILITY**

**JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ, JOHN DOES I-X, AND ABC CORPORATION II-X**

49.     Plaintiff reasserts, incorporates, and adopts by reference each contention in Paragraphs 1 through 46 as if fully set forth herein.

50.     Defendants are in the business of designing, assembling, manufacturing, distributing, selling, supplying, maintaining, placing warnings on, and/or modifying Flex Seal

8

Liquid, such as the Subject Product that was used by Joseph Iacovacci, that caused him serious, disabling, and permanent injuries.

51.     At all relevant times, Defendants designed, manufactured, distributed, marketed, sold, assembled, placed warnings on and/or placed the Subject Product into the stream of commerce and did design, manufacture, distribute, market, sell, assemble, and/or place the Subject Product into the stream of commerce.

52.     One or more Defendants designed, assembled, manufactured, distributed, sold, supplied, maintained, placed warnings on, and/or modified the Subject Product and its warnings and instructions.

53.     The Subject Product and its warnings and instructions were expected to reach users such as Iacovacci and did, in fact, reach him without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold, rented, leased, and/or supplied.

54.     At all relevant times hereto, the Subject Product was used and employed for the purpose for which it was designed and manufactured and/or was used in a reasonably foreseeable manner.

55.     Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors, and employees, breached N.J.S.A. 2A: 58C-2, *et seq.* by designing, manufacturing, distributing, and selling the Subject Product, designed in a defective manner and without adequate warnings and instructions as follows:

> a.     designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unreasonably dangerous for their target consumer;
>
> b.     designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite being unsafe and defective;

c. designing, manufacturing, equipping, distributing, leasing, selling, and/or supplying the Subject Product despite being unsafe for all of their intended and foreseeable purposes and uses;

d. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a defective condition;

e. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product in a condition that deviated from its own design specifications, formulae, or performance standards;

f. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking all necessary safety features to protect users of said Products;

g. failing to design, manufacture, and/or equip the Subject Product to reduce or eliminate exposure and/or danger of exposure to the end user;

h. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product despite lacking adequate safeguards;

i. designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product despite its lack of adequate, necessary, and/or proper warnings;

j. designing, manufacturing, assembling, distributing, leasing, selling, and/or supplying the Subject Product, even though it posed an unreasonably dangerous risk from the exposure that was reasonably foreseeable to occur to consumers of the Subject Product;

k. designing, manufacturing, assembling, distributing, leasing, selling and/or supplying the Subject Product that could be designed more safely;

l. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate, necessary and/or proper instructions;

m. designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided concerning the danger presented by the Product;

10

n.  failing to warn about the risk of respiratory damage and injury resulting from exposure to the Subject Product;

o.  failing to take reasonable steps to ensure that product warnings were conveyed to and reached the consumer of the Subject Product.

p.  misrepresenting to consumers that the Subject Product was safe for intended use;

q.  misrepresenting to consumers that the Subject Product did not pose a significant risk to breathing and lung function;

r.  failing to warn consumers of its Subject Product that exposure by consumers poses a risk of respiratory injury and/or damage;

s.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that communicated adequate warning, instruction, and information on the dangers and safe use of the Subject Product;

t.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product without adequate warnings and instructions that take into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used;

u.  failing to provide instructions to users of this product regarding the use of the Subject Product;

v.  failing to provide users of this product with warnings, instructions and/or training regarding the proper use of the Subject Product;

w.  failing to know or discover that the Subject Product was not safe for exposure;

x.  failing to know or discover that the Subject Product posed a significant risk to breathing and lung function;

y.  failing to know or discover that the Subject Product posed an unreasonable risk of exposure, despite proper or foreseeable uses of the Subject Product;

z.  designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that

11

was unreasonably dangerous for use by end users, including Plaintiff;

aa.    designing, manufacturing, equipping, distributing, leasing, selling and/or supplying the Subject Product with a chemical formula that Defendants knew or should have known was unreasonably dangerous for use by end users, including Plaintiff;

bb.    failing to warn against exposure, despite their knowledge that everyday consumers like Plaintiff may be exposed to the Subject Product;

cc.    failing to warn end users of the Subject Product, including Plaintiff, that exposure to the Subject Product was dangerous, despite their knowledge that everyday consumers like Plaintiff would not be aware of the danger posed by the Subject Product;

dd.    failing to adequately warn end users of the Subject Product, including Plaintiff, to take adequate safeguards against respiratory exposure to the Subject Product;

ee.    failing to adequately warn end users of the Subject Product, including Plaintiff, of the need to ensure that the Subject Product was only used with adequate ventilation;

ff.    failing to adequately warn end users of the Subject Product, including Plaintiff, about the danger of the Subject Product, including respiratory injury;

gg.    failing to adequately warn end users to use proper personal protective equipment during use of the Subject Product;

hh.    failing to adequately instruct end users on the dangers of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

ii.    failing to adequately instruct end users on the safe use of the Subject Product that are outside the ordinary knowledge common to its end users, including Plaintiff, such as and in including respiratory damage;

jj.    failing to ensure the Subject Product did not pose a threat the health and safety of end users of the Subject Product;

12

kk.   violating applicable federal, state, local and/or industry standards;

ll.   negligence at law;

mm.   failing to exercise reasonable care under all the circumstances, including the in design, manufacture, sale and distribution of the Subject Product and its associated warnings and instructions;

nn.   being otherwise negligent, careless, grossly negligent, reckless, and strictly liable as may appear from facts that may be determined during discovery or trial.

56.   As a direct and proximate result of the defective, dangerous, and unsafe condition and/or design and/or manufacture of the Subject Product, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering, set forth, without limitation above.

57.   As a direct and proximate result of the Subject Product's inadequate warnings and instructions, Iacovacci suffered severe, disabling, and permanent injuries and endured great pain and suffering.

58.   The damages and injury at issue, set forth above, were caused by the defects of the Subject Product.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## SECOND COUNT- BREACH OF EXPRESS WARRANTY

### JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ,  JOHN DOES I-X, AND ABC CORPORATION II-X

59.   Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 56 as if fully set forth herein.

60. At all relevant times, Defendants expressly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use.

61. The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

62. At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted expressly that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

63. Defendants breached the aforesaid express warranties, by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

64. As a direct and proximate result of the breaches of warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiff demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## THIRD COUNT- BREACH OF IMPLIED WARRANTY

## JOSEPH IACOVACCI v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ, JOHN DOES I-X, ABC CORPORATION II-X

14

65.     Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 62 as if fully set forth herein.

66.     At all relevant times, Defendants impliedly warranted and represented that the Subject Product was designed, manufactured, distributed, marketed, assembled, tested, supplied, and/or sold in a proper manner and were reasonably fit, safe, and suitable for their intended use. \

67.     The Subject Product was not designed, manufactured, marketed, assembled, supplied, sold, and tested in a proper manner fit, safe, and suitable for the use intended and, as a result, caused injuries and damages to Plaintiff.

68.     At the time Defendants placed the Subject Product in the stream of commerce, Defendants warranted, impliedly, that the Subject Product was safe from defects, were of merchantable quality, and were safe and suitable for the uses for which it was intended.

69.     Defendants breached the aforesaid impliedly warranties by providing Plaintiffs and other end users with the Subject Product, which was defective, lacking adequate warning and instruction, as more fully described above, and unmerchantable and unfit for the ordinary purpose for which they were intended.

70.     As a direct and proximate result of the breaches of implied warranties of Defendants, Plaintiff was caused to sustain the injuries and damages more fully set forth above.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiff for his injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

## FOURTH COUNT – LOSS OF CONSORTIUM

### CAROL SAIEVA v. SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, HOME DEPOT, LEJUEZ, JOHN DOES I-X, ABC CORPORATION II-X

15

71.     Plaintiffs reassert, incorporate, and adopt by reference each contention in Paragraphs 1 through 68 as if fully set forth herein.

72.     At all relevant times, Carol Saieva was Joseph Iacovacci's wife.

73.     As a direct and proximate result of Defendants' conduct and Products, as set forth above, Carol Saieva, wife of Plaintiff Joseph Iacovacci, has suffered consequential damages, been deprived of her husband's full society, care, comfort, and companionship, and has otherwise suffered loss of consortium.

WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly and severally, separate sums of monetary damages in an amount sufficient to compensate Plaintiffs for their injuries, plus attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems appropriate.

GRANT & EISENHOFER P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
Attorneys for Plaintiffs

Date: November 8, 2024

## **JURY DEMAND**

A trial by jury is hereby demanded.

GRANT & EISENHOFER P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.

Attorneys for Plaintiffs

Date: November 8, 2024

16

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Elizabeth A. Bailey,

Esquire is hereby designated as Trial Counsel.

GRANT & EISENHOFER P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY EDQ.
Attorneys for Plaintiffs

Date:  November 8, 2024

17

## DEMAND FOR DISCOVERY PURSUANT TO N.J.R.C.P. 17-2

Plaintiff hereby demands that defendants respond to Form C and C(4) Interrogatories within the time provided under the New Jersey Rules of Civil Procedure.

GRANT & EISENHOFER P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY EDQ.
Attorneys for Plaintiffs

Date: November 8, 2024

## DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of their applicable liability policies including any excess or umbrella policies with declaration sheets as well as the requisite Certifications regarding the same pursuant to R. 4:18-1(c) within thirty (30) days of the service of this Amended Complaint.

GRANT & EISENHOFER P.A.

BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY ESQ.
Attorneys for Plaintiffs

Date: November 8, 2024

19

## CERTIFICATION OF COUNSEL

I hereby certify that pursuant to Rule 4:5-1, are currently pending in connection with this controversy in which the following parties are named: JOSEPH IACOVACCI, CAROL SAIEVA, SWIFT RESPONSE, LLC, HOLCIM SOLUTIONS & PRODUCTS US, LLC, THE HOME DEPOT, INC., CHRIS LEJUEZ, JOHN DOES I-X, and. ABC CORPORATIONS I-X. I further certify that there is no arbitration proceeding pending or contemplated. Finally, I certify that there are no other parties, to the best of my knowledge, which should be joined.

GRANT & EISENHOFER P.A.


BY: */s/ Elizabeth A. Bailey*
ELIZABETH A. BAILEY EDQ.
Attorneys for Plaintiffs

Date: November 8, 2024